## Investor's Realty Co. *v.* Harrisburg, Appellant.

*Municipalities—Voluntary payment to—Recovery back.*

1. A payment voluntarily made to a municipality cannot be recovered back except in those instances where a statute so provides.

*Constitutional law—Title of act—Municipalities—Refunding moneys voluntarily paid—Act of July 5, 1917, P. L. 682.*

2. Under article III, section 3, of the Constitution of the State, the subject of a statute must be clearly expressed in its title; if it is not, the statute will fail as to the excess in the enactment.

3. This is especially so where the statute undertakes to place new burdens and imperative duties on a municipality, which find no suggestion in the title.

4. The title to the Act of July 5, 1917, P. L. 682, which simply authorizes cities to refund moneys mistakenly paid into their treasuries, forbids such a construction of the statute itself as to require such payments, where the municipality has not authorized them to be made.

Argued May 26, 1924. Appeal, No. 7, May T., 1924, by defendant, from judgment of Superior Ct., March T.,

1922, No. 11, reversing judgment of C. P. Dauphin Co., Jan. T., 1920, No. 77, in favor of defendant n. o. v. in case of Investors' Realty Co. v. Harrisburg. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from judgment of the Superior Court. See 82 Pa. Superior Ct. 26.

The facts appear by the opinion of the Supreme Court.

Judgment of common pleas reversed. Defendant appealed.

*Error assigned* was, inter alia, sustaining assignment of error from the common pleas entering judgment for defendant n. o. v., quoting record.

*John R. Geyer,* City Solicitor, for appellant.—When the legislature undertook to say that the "cities are hereby authorized and empowered to refund to the said owners of property," it is apparent that they did not intend to direct them or require them to return it: McDade v. Chester, 117 Pa. 414, 424; Smith v. Selinsgrove, 199 Pa. 615; Warner v. Poor Directors, 38 Pa. Superior Ct. 437; Kennedy v. Meyer, 259 Pa. 306.

The mandatory construction given to the act makes it unconstitutional since this is a subject not clearly expressed in its title: Davey v. Ruffell, 162 Pa. 443; Provident L. & T. Co. v. Hammond, 230 Pa. 407; Phœnixville Boro., 109 Pa. 44; Stegmaier v. Jones, 203 Pa. 47; Federowicz v. Brobst, 254 Pa. 338.

*George R. Barnett,* with him *John H. Alricks,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, July 8, 1924:

Ordinarily a property is charged with the cost of municipal improvements only to the middle of the street upon which it abuts, but because plaintiff's property

faces nonassessable land the City of Harrisburg assessed against it the cost of paving the full width of the street, and of curbing both sides of it. Plaintiff paid the bill without protest or objection, but as the abutting owners were later held to be legally liable only for the work done to the centre of the street, plaintiff sued to recover back the excess payment made by it. The jury rendered a verdict in its favor; the court of common pleas, in banc, entered judgment for defendant non obstante veredicto; the Superior Court (three judges dissenting) reversed, and directed that judgment be entered on the verdict, but later certified the case to us, under the authority contained in section 10 of the Act of June 24, 1895, P. L. 212, 220.

The court of common pleas, in its opinion, entirely ignored the Act of July 5, 1917, P. L. 682,—although it was referred to in the statement of claim,—and held that, as the payment was a voluntary one, our rulings in Union Insurance Co. v. City of Allegheny, 101 Pa. 250; Peebles v. City of Pittsburgh, 101 Pa. 304; Shenango Furnace Co. v. Fairfield Township, 229 Pa. 357, and kindred cases, forbade recovery. Aside from that act, this conclusion was clearly correct. When the case reached the Superior Court, however, the statute became the storm-center of controversy, and the majority decided that, although it was in form permissive, it was in legal effect mandatory, and hence plaintiff was entitled to recover.

It is not our purpose to enter the lists on this interesting subject, since we are of opinion that plaintiff cannot recover, by virtue of the statute, no matter which of the two conflicting views is correct. Its title is "An act authorizing cities to refund moneys paid by property owners into their treasuries, when a court of competent jurisdiction shall have determined that there was no liability for such payment when made."/ Nothing short of a total misunderstanding of the meaning of the words used, would justify the assertion that a title "author-

izing cities to refund" money, clearly expresses an intention to command them to refund it, whether or not they desire to do so; yet these contradictory terms must be established as clearly expressing the same thing in order to sustain the claim under the act. Article III, section 3, of the Constitution of the State provides that the subject of a statute must be "clearly expressed in its title," and compliance with this provision is obligatory (Provident Life and Trust Co. v. Hammond, 230 Pa. 407, 416), especially where, as here, it places "new burdens and imperative duties upon [municipalities, which] finds no suggestion in the title": Com. ex rel. v. Dale Borough, 272 Pa. 189, 192. It follows that whatever view is taken of the meaning of the statute itself, plaintiff cannot recover under it; if it is permissive only, because the city has not authorized the refunding of the money; if it is mandatory, because this is not clearly expressed in the title.

The act being of no assistance to plaintiff, it cannot recover, because its payment of the excess amount was purely a voluntary one; the authorities already cited are conclusive on this point.

The judgment of the Superior Court is reversed, and that of the court of common pleas is affirmed.