# Commonwealth ex rel., Appellant, *v.* Bearstler et al.

*Constitutional law—Title of act—Municipalities—Payment for work done without ordinance—Act of May 20, 1921, P. L. 1045.*

The title of the Act of May 20, 1921, P. L. 1045, which authorizes cities to provide by ordinance for the payment for public work or improvements made and accepted by the city, where no legal or valid contract was entered into as required by law, does not give notice within article III, section 2, of the Constitution of Pennsylvania of the mandatory character of the act.

Under such circumstances, a petition for a mandamus to compel the town council to enact an appropriate ordinance in payment of certain work was properly dismissed.

Investors Realty Co. v. Harrisburg, 281 Pa. 200, followed.

Argued December 2, 1924.    Appeal, No. 79, Oct. T., 1924, by plaintiff, from judgment of C. P. Schuylkill Co., Nov. T., 1922, No. 588, refusing petition for writ of mandamus in the case of Commonwealth of Pennsylvania ex rel., Cyrus M. Palmer, district attorney for the County of Schuylkill, v. J. Oren Bearstler, mayor of the City of Pottsville; E. F. Schlaseman, Robert J. Bosrock, John B. Dengler and Lamar L. Pritchard, members of the City Council of Pottsville.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for writ of peremptory mandamus.    Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Plaintiff appealed.

*Error assigned* was the decree of the court.

J. O. *Ulrich,* for appellant.

J. A. *Noecker,* for appellees.

OPINION BY LINN, J., February 27, 1925:

On petition and return the court below refused a writ of mandamus to require the members of the council of the City of Pottsville, to enact an appropriate ordinance pursuant to the Act of May 20, 1921, P. L. 1045, entitled "An Act authorizing a city of the third class to provide by ordinance for the payment for public work or improvements heretofore made for and accepted by such city where no legal or valid contract was entered into as required by law."

In 1916 certain public work was done for the city without an ordinance or prior appropriation to pay for it. On a taxpayer's bill, the city was enjoined from paying for that work, for reasons stated in Dolan v. Schoen, 261 Pa. 11. Thereafter the Act of May 20, 1921, supra, was passed. Notwithstanding the act, the city council, as the petition avers, "failed and refused to enact or provide an ordinance for the payment of the amount due the said Clarence Messersmith and other contractors ......," who had done the work in question.

Counsel for appellant makes but one contention: that the act is mandatory, and requires the city to pay. We need not discuss the subject, because the point was recently determined in Investors' Realty Co. v. Harrisburg, 281 Pa. 200, holding that the title to an act "authorizing" cities to refund money does not give notice within article III, section 3, of the Constitution (requiring the subject of a statute to be "clearly expressed in

its title"), of the mandatory character of the enactment. That is conclusive here.    The statute does not help petitioner.

Judgment affirmed.