Commonwealth ex rel. Reno, Appellant, *v.*
Berryman et al.

Argued May 25, 1942. Before SCHAFFER, C. J.:
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George W. Keitel,* Deputy Attorney General, with
him *Claude T. Reno,* Attorney General, for appellant.

*David H. Weiner,* for appellees.

OPINION BY MR. JUSTICE MAXEY, June 29, 1942:

This is an appeal from the order of the court below,
sustaining the questions of law raised by an affidavit of
defense filed in a suit by the Commonwealth to recover
$390 which was the cost to the Department of Highways
of removing a frame building from the right-of-way of
relocated route #62096 in Blair Township, Washington
County. This action was brought under section 16 of

the Highway Law of May 31, 1911, P. L. 468 (36 P. S. 171), hereinafter referred to as section 16. That section has been frequently amended, and the appellees contend that the 1935 and 1937 amendments are unconstitutional insofar as they attempt to impose liability upon counties for the removal of structures, because the titles give no sufficient notice of the imposition of such liability. The court below so held.

Under the Act of April 13, 1933, P. L. 41, amending section 16, it was provided that "the county or commonwealth shall also provide for the removal of all structures within the lines of the highway, as thus established, as may be provided by agreement between said county and the Secretary of Highways." The title of the Act of 1933, after reciting the original title, continued: "by providing for payment by the Commonwealth . . . where the county does not agree to such changes or removals."

The Act of July 12, 1935, P. L. 946, again amended several sections of the Highway Law of 1911 and after reciting the title of the original act, itemized the subjects of the amendments, and as to section 16 said: "providing for agreements by the Secretary of Highways and counties for the sharing of property damages and the removal of structures." In the body of the act this appears: "The county shall also provide for the removal of all structures within the lines of the highway, as thus established, unless otherwise provided by agreement between said county and the Secretary of Highways."

The court below pointed out: "The title indicates that it [the act] provides for agreements . . . but the body of the act eliminates the Commonwealth as responsible for the removal of structures and requires the county to pay them [for this removal], unless the Secretary of Highways agrees [otherwise]. . . . The Act of 1927 definitely imposed the cost on the county, unless the Secretary of Highways chose to agree. The Act of 1933 removed that imposition upon the county and left the matter, without imposition upon the county, open to

agreement between the county and the Secretary of Highways. The Act of 1935 definitely reversed the policy and again imposed the liability on the county, unless the Secretary of Highways chose to agree." The court below held that the title challenged gave no such notice of the change in the statute imposing liability *on the county* for the removal of structures, unless the Secretary of Highways agrees, as to satisfy the constitutional requirement that the "subject" of the bill passed "shall be clearly expressed in its title." As the court below expressed it, the Act of 1935 "made a definite change of policy from the earlier acts on the same subject." The act definitely imposed a liability on the county. There is also no doubt that the title of the act gives no notice of this fact. On the contrary, it definitely conveys the idea that "property damages" and "the removal of structures" * will be *shared*. To this extent the title is misleading.

This court has repeatedly held that when an act imposes new burdens on political sub-divisions, its title must clearly give notice of that fact. In *County Commissioners' Petition for the Construction of a Public Highway Tunnel*, 255 Pa. 88, 99 A. 225, we declared an act unconstitutional because its title "fails sufficiently to indicate or suggest the transfer of financial burdens which the operation of the act would bring about . . . Titles with this fault have been uniformly condemned in our cases." (citing them). In *Dailey v. Potter County, Appellant*, 203 Pa. 593, 53 A. 498, we held the Act of June 6, 1893, P. L. 328, entitled "An act providing for the relief of needy, sick, injured and, in case of death, burial, of indigent persons, whose legal place of settle-

---

* We are not impressed with appellants argument that "the 'removal of structures' is a part of a double object of the first preposition 'for' " after the word "providing" in the part of the statute challenged. While the construction of this part of the title is not felicitous, the obvious meaning is that the "sharing" related to both "property damages" *and* "the removal of structures".

ment is unknown," defective in title and unconstitutional, inasmuch as the title gives no notice to counties in which almshouses are not maintained by the county funds, of the burdens imposed upon them by the act. In that case we said: "While it is true that the title to an act need not be a complete index to its contents, it must not, on the other hand, mislead. The purpose of the constitutional provision, invoked by the appellant, is to give information to the members of the legislature, or others interested, by the title of the bill, of the contemplated legislation, and thereby to prevent the passage of unknown and alien subjects, which may be coiled up in the folds of the bill: *Dorsey's Appeal*, 72 Pa. 192. What we said in *Quinn v. Cumberland County*, 162 Pa. 55, in passing upon an act authorizing the town council of the borough of Carlisle to establish a board of health, may well be repeated here: '. . . while it is probably competent for the legislature to enact such laws, it is their duty, and their constitutional obligation, to give notice in the title of such enactments, of their intention to impose such liability upon the municipal organization which is to be affected, and if this duty is neglected, such legislation is contrary to the requirements of the constitution and therefore void.' '. . . Suggestions are inferences which may be drawn from knowledge dehors the language used, are not enough. The constitution requires that the notice shall be contained in the title itself: *Phoenixville Road*, 109 Pa. 44; *Ridge Ave. Pass. Ry. Co. v. Phila.*, 124 Pa. 219; *Phila. v. Ridge Ave. Pass. Ry. Co.*, 142 Pa. 484' "; See also *Sailors & Soldiers Memorial Bridge*, 308 Pa. 487, 492, 162 A. 309.

We also agree with the court below in the following statement: "The Act of June 21, 1937, P. L. 1951, contains nothing in its title with reference to the cost of removal, and does not change the Act of 1935 as to the text of that regard. If the Act of 1935 is unconstitutional in this respect, an amendment could not be hung on to it in 1937 to cure the unconstitutionality, which in no way referred to the change effected in 1935."

The order is affirmed.