## Construction of Act of July 3, 1957

EDWARD L. SPRINGER, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, October 18, 1957.—You have requested an opinion of this department as to what effect a discrepancy between the title of the Act of July 3, 1957, P. L. 460, and the substantive provisions of that act has upon its validity.

The title of the aforesaid act states that it amends The Insurance Company Law of May 17, 1921, P. L. 682, by "requiring certain mutual *casualty* insurance companies to maintain a surplus over all liabilities". The substantive provisions of the above act added a new section to The Insurance Company Law of 1921 to be designated section 810, which reads as follows, 40 PS §920:

"Section 810. On or after July 1, 1957, no mutual insurance company, other than a mutual life insurance company, shall transact any of the class of insurance mentioned in subdivision (c) (1) of section 202 of this act, until it shall have and shall maintain, at all times, a surplus over all liabilities including unearned premiums, computed in accordance with the laws of this Commonwealth, of not less than two hundred and fifty thousand dollars ($250,000.00) : Provided, however, That nothing in this section shall be construed to

reduce the requirements under section 806 of this act." *

It will be noted that the title of the act expressly refers to *certain mutual casualty insurance companies* while the substantive language in the act refers to *mutual insurance companies other than mutual life insurance companies*.

Article III, sec. 3, of the Pennsylvania Constitution provides:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

This constitutional prohibition has been considered by the Supreme Court of Pennsylvania on numerous occasions. In Harvey v. Ridley Township, 350 Pa. 210, 213 (1944), the Supreme Court said:

". . . While the title to an act need not be a complete index to its contents it must contain language sufficient to inform those to be affected of the contents of the bill: . . ."

In an earlier decision, Leinbach's Estate, 241 Pa. 32, 37 (1913), the Supreme Court stated that the title of an act "shall fairly give notice of the subject of the act so as to reasonably lead to an inquiry into the body of the bill." In Phillips' Estate, 295 Pa. 349, 353 (1929), the Supreme Court held that the scope of the substantive provisions of an act must be restricted to the scope of the act as expressed in its title.

Under the foregoing decisions of the Supreme Court, the Act of 1957 can be constitutionally applied only to those mutual insurance companies which are put on notice by its title that the provisions thereof are applicable to them. The act, therefore, can be applied only to mutual casualty insurance companies.

---

* Subdivision (c) (1) of section 202 of The Insurance Company Law of 1921 pertains to surety and indemnity contracts.

The substantive provisions of the act are broader than its title. While the title limits the scope of the act to mutual *casualty* insurance companies, the substantive provisions of the act are extended to *all* mutual companies other than mutual life insurance companies, which would include not only mutual casualty insurance companies but also mutual fire insurance companies. The problem presented by this act is similar in principle to that which was considered by the Supreme Court in Phillip's Estate, supra. In that case, the court held that where the title of the act in question prohibited physicians from testifying in certain civil cases to *communications* made to them by their patients, they could not refuse to testify as to knowledge learned from a physical examination of the patient even though the substantive provisions of the act expressly prohibited such physicians from disclosing *any information* acquired in attending the patient. The court's decision was based upon the grounds that the act must be limited to the scope of its title. The Act of 1957, in fact, presents a stronger case for limiting its applicability to the scope of its title than was presented to the Supreme Court in Phillips' Estate, supra, for the reason that the discrepancy in the act pertains to the adequacy of notice to those affected thereby, and only mutual casualty insurance companies would reasonably be led to inquire into the body of the bill.

The fact that under article III, sec. 3, of the Constitution, the Act of 1957 is partially ineffective does not render the act invalid in its entirety. The Pennsylvania Supreme Court in Rutenberg v. Philadelphia, 329 Pa. 26, 39 (1938), set forth as follows the test of severability:

"The test of severability may be stated in simple terms as follows: after the invalid portion of the act has been stricken out, whether that which remains is self-sustaining and is capable of separate enforcement

without regard to that portion of the statute which has been cast aside. If this be true the statute should be sustained to the extent of that which remains."

An application of this test to the Act of 1957 would sustain its validity as applied to mutual casualty insurance companies.

We know of nothing in article III, sec. 7, of the Constitution of Pennsylvania which would proscribe this limited application of the act. Moreover, on numerous occasions, mutual insurance companies have been classified by the legislature as casualty, fire and life insurance companies for distinct purposes under the insurance laws of this Commonwealth. Such classification exists for purposes of incorporation (sections 201 and 202 of The Insurance Company Law, 40 PS §§381 and 382) and for the purpose of establishing minimum financial requirements: Section 206 of The Insurance Company Law, 40 PS §386.

You are, therefore, accordingly advised that the Act of July 3, 1957, is valid and subsisting as to mutual casualty insurance companies, but can have no effect under article III, sec. 3, of the Constitution as to mutual insurance companies other than mutual casualty insurance companies.