Davis v. Dow Chemical Company

*Virginia B. Eisenstein*, for plaintiff.
*Clyde McIntyre*, for defendant.
*John W. Blasko* and *James M. Horne*, for additional defendant.

BROWN, Jr., *P.J.*, October 21, 1981—

## FACTUAL BACKGROUND

This matter is before the court upon preliminary objections filed by additional defendant Centre Engineering, Inc., in response to a complaint filed by defendant Union Carbide Corporation joining Centre Engineering, Inc., as additional defendant.

Plaintiff Paula R. Davis instituted this suit to recover for personal injuries allegedly suffered from her exposure to certain chemicals through her

employment. The original defendants are all charged with manufacturing and/or distributing the various chemicals to which plaintiff was exposed. Additional defendant Centre Engineering, Inc., was the employer of plaintiff from 1970 to March 4, 1979, when plaintiff was advised to terminate her employment due to her declining health.

The allegations against Centre Engineering, Inc., charge that it negligently, intentionally and deliberately permitted plaintiff to be exposed to the chemicals without taking the appropriate and known safety measures and in violation of certain safety statutes and regulations.

Union Carbide Corporation seeks a determination that Centre Engineering is solely liable or jointly and concurrently liable for plaintiff's alleged injuries. Centre Engineering has filed preliminary objections maintaining it cannot be joined as an additional defendant under the Pennsylvania Workers' Compensation Act, §303, Pa. Stat. Ann. Tit. 77, §481. Additional defendant maintains that it may not be joined even for the purpose of determining its share of responsibility under the Comparative Negligence Statute of Pennsylvania. Defendant Union Carbide Corporation has challenged this assertion and also argues that such statute does not prohibit joinder where intentional misconduct is alleged and where plaintiff has failed to file for Workers' Compensation benefits. Union Carbide further attacks the constitutionality of the subject provision of the Workers' Compensation statute.

## DISCUSSION

The first issue, whether an employee can be joined as an additional defendant in a suit insti-

tuted by another employee solely for purposes of determining the employer's proportionate share of liability under the comparative negligence statute, has already been decided by this court. In Mulfinger v. Market Forge Company, Inc., et al, No. 79-2464 (Opinion by Brown, Jr., P.J., filed July 27, 1981) this court held that no real advantage would be had by allowing the joinder of an immune party for purposes of proportioning liability under the comparative negligence statute since the original defendant may assert the employer's liability as a defense at trial.

That case is dispositive of the issue and, therefore, joinder is not permitted solely for this purpose. However, Union Carbide argues that the statutory bar of Title 77, Section 481, is not applicable in the case at bar due to plaintiff's failure to file for the benefits provided for in the Act. We agree with counsel for Centre Engineering, Inc., that plaintiff's failure to file for Workers' Compensation benefits should have no relevance with respect to the right of common law recovery against the employer. If failure to file meant that the employee could seek a common law remedy against the employer, the purpose of the Workers' Compensation Act would be undermined and the Act would be ineffective.

Union Carbide further argues that Title 77, Section 481, and the Mulfinger, supra, decision have no application since they were not addressed to instances of intentional misconduct by the employer. Title 77 of Pennsylvania Consolidated Statutes Annotated, §481(b) states

"In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, de-

pendents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

The controversy concerning whether or not the Workers' Compensation Act is applicable to the intentional misconduct of the employer is best reconciled by a look at the history of the Act. Prior to 1972, in order to recover Workers' Compensation benefits, there must have been both an accident and an injury. See Act of June 2, 1915, P.L. 736, Art. III, §301(a), as amended, 77 P.S. §431; Hinkle v. H. J. Heinz Company, 462 Pa. 111, 337 A. 2d 907 (1975). Traditionally, the courts had allowed common law actions for intentional torts by the employee against the employer under the theory that intentional acts were not accidents and, hence, the Workers' Compensation Act did not apply. In 1972, the Pennsylvania General Assembly amended the Act and eliminated the requirement that there be an accident. The new amendments provide for compensation for all injuries suffered in the course of employment. See Act of March 29, 1972, P.L. 159, §6, as amended, 77 P.S. §431.

There have been no appellate cases dealing with the specific issue concerning intentional acts under the new amendments. The legislature, however,

has expressly adopted the exception as it applies to intentional acts by fellow employees only. See 77 P.S. §71, 1915, June 2, P.L. 736, Art. II, §205, added 1963, Aug. 24. P.L. 1175, §1.

The act, therefore, represents a trade-off. The employee surrenders his right to pursue his common law remedies against the employer; in exchange, the employer is liable for up to two-thirds of an employee's wages if that employee is involved in a work related injury—regardless of the fault of the employer.

The intent of the legislature is clear. In light of the noted amendments, which eliminated the requirement of an "accident" and, thereby, eliminated the theory and rationale under which common law actions for intentional torts were maintained, this court concludes that Centre Engineering, Inc., cannot be joined as an additional defendant despite the allegations of deliberate and intentional misconduct.

Finally, we turn to Union Carbide's contention that 77 Pa.C.S.A. §481 is unconstitutional in that it is violative of Art. III, Section 3, of the Pennsylvania Constitution. That section is labeled "Form of Bills" and reads as follows:

"No Bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof."

Section 481 of Title 77 of the Pennsylvania Statutes Annotated reads in full:

"EFFECT AND TERMINATION OF AGREEMENT

§481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

The title to the above Act provides as follows:

"Amending the act of June 2, 1915 (P.L. 736, No. 338), entitled, as amended. 'An act defining the liability of an employer to pay damages for injuries received by an employee in the course of employment; establishing an elective schedule of compensation; providing procedure for the determination of liability and compensation thereunder, and prescribing penalties,' further defining 'maximum weekly compensation payable' and the maximum compensation payable per week'; making the act compulsory and providing for actions at law for damages for certain noncompliance; providing for

extraterritorial coverage; changing the waiting period and payments in connection therewith, computation and distribution of certain compensation and agricultural labor coverage; and incorporating certain existing coverages with changes as to computation of compensation thereunder."

It is Union Carbide's position that the above title does not provide full notice sufficient to inform those to be affected of the contents of the act. More specifically, Union Carbide argues that this title does not inform third parties that their substantive rights to contribution or indemnity have been abrogated by 77 P.S. §481(b).

The standard in determining a constitutional challenge under Art. III, Sect. 3, has been clearly enunciated in Singer v. Sheppard, 33 Pa. Commonwealth Ct. 276, 288, 381 A. 2d 1007, 1013 (1978). "The purpose of Article III, Section 3 is to provide full notice and publicity to all proposed legislative enactments and so prevent the passage of 'sneak' legislation. Bensalem Township School District v. Bucks County Commissioners, 8 Pa. Commonwealth Ct. 411, 419, 303 A. 2d 258, 263-4 (1973). '[A]ll the Constitution requires is that the title should put persons of a reasonably inquiring state of mind on notice of the general subject matter of the act. The incidental provisions of the statute need not be enumerated or indexed in the title if they are germane to the legislation as a whole.' Gumpert's Estate, 343 Pa. 405, 407, 23 A. 2d 479, 480 (1942). '[T]he title of an act need not, in order to comply with the constitutional requirement, be an index of its provisions or a synopsis of its contents; so long as it indicates the general subject to which all the provisions of the act are incidental or germane, it is sufficient [citations omit-

ted].' McSorley v. Fitzgerald, 359 Pa. 264, 272, 59 A. 2d 142, 146 (1948)."

The burden of proof, similarly was clearly enunciated in Singer, supra, at 33 Pa. Commonwealth Ct. 276, 282, 381 A. 2d 1007, 1010:

"The burden assumed by the plaintiff here, however, is a heavy one, for a statute is presumed to be constitutional and will not be declared otherwise unless it 'clearly, palpably and plainly' violates the Constitution of the Commonwealth or of the United States. Singer v. Sheppard, 464 Pa. 387, 393, 346 A. 2d 897, 900 (1975); Daly v. Hemphill, 411 Pa. 263, 271, 191 A. 2d 835, 840 (1963). And the burden, of course, is on the party alleging the constitutional infirmity, with all doubts to be resolved in favor of sustaining the legislation. Milk Control Commission v. Battista, 413 Pa. 652, 659, 198 A. 2d 840, 843 (1964)."

The possible unconstitutionality of the subject section under Art. III, Section 3 was first suggested by President Judge Shughart in his opinion in Heckendorn v. Conrail, et al, No. 3781 of 1979 of Court of Common Pleas of Cumberland County, Pennsylvania (opinion filed Aug. 25, 1980). Judge Shughart opined that the title may not be specific enough to inform those affected about its provisions respecting contribution and indemnification. However, this issue has already been addressed in Brown v. Dickey, 397 Pa. 454, 155 A. 2d 836 (1959). There the Supreme Court construed the constitutionality of the Workers' Compensation Act of 1915, P.L. 736, against an Art. III, Section 3 challenge. In that case it was alleged that the limitation on the third party's right to contribution against the employer is not sufficiently noticed in the title to the Act. At that time, the title to the Act read "Defining

the liability of an employer to pay damages for injuries received by an employe in the course of employment . . ." Act of June 2, 1915, P.L. 736, No. 338. The court held that this title "so clearly and effectively expresses the subject of the legislation . . . that any interested person can readily ascertain the legislative purpose." 397 Pa. at 460-461.

The attack lodged by Union Carbide is identical to that in Brown, supra. The challenged language of the title is exactly the same in both cases. In Brown, supra, the Supreme Court held that language sufficient despite the limitaton on the right to contribution under Art. III, Section 3. In the same vein, we hold this language sufficient to weather an Art. III, Section 3, attack despite the limitation on contribution and indemnity.

Union Carbide further argues that the new (1974) amendments imposed new burdens on an entity and effected a reversal of policy. It further argues that when a statute imposes new burdens on a litigant and thereby effects a reversal of policy, its title should give notice thereof.

The cases cited in support of this proposition, Harvey v. Ridley Township, 350 Pa. 210, 38 A. 2d 13 (1944) and Com., ex rel. Reno v. Berryman, 345 Pa. 222, 26 A. 2d 907 (1942), are very limited in their holdings. Both cases specifically state that when a statute places new burdens on a *political subdivision*, notice must be given in the title. See 38 A. 2d at 14 and 26 A. 2d at 908. No case can be found which extends this principle outside its application to political subdivisions. Accordingly, this court concludes that the title to Section 303(b) is sufficient to put persons of a reasonably inquiring state of mind on notice of the general subject matter of the Act. The section, therefore, is not unconstitutional.

## ORDER

And now, October 21, 1981, upon consideration of the preliminary objections filed by additional defendant Centre Engineering, Inc., it is hereby ordered that the complaint to join additional defendant, Centre Engineering, Inc., be dismissed with prejudice.