## Commonwealth v. Regan

*Vram Nedurian, Jr.,* assistant district attorney, for the Commonwealth.
*Francis A. Holloran, Jr.,* for defendant.

KEELER, *J.,* March 28, 1984—On July 19, 1983, a jury was empaneled for a trial involving the prosecution of the defendant, Lee E. Regan, on the charge of driving under the influence. On July 20, 1983, having completed its deliberations, the jury found the defendant guilty. Defendant timely filed post-trial motions, raising issues which the court feels compelled to address.

The first two issues raised by defendant deal with the constitutionality of the new Driving Under the Influence (DUI) legislation's mandatory minimum sentencing provisions. See 75 Pa.C.S.A. §3731(e) (1) (Cum. Supp. 1983). In order to properly analyze these issues, the court must place the constitutional challenges into perspective. One of the most

fundamental principles of statutory construction presumes that the General Assembly has enacted legislation constitutionally. "This presumption 'reflects on the part of the judiciary the respect due to the legislature as a co-equal branch of government.'" Snider v. Thornburgh, 496 Pa. 159, 166, 436 A.2d 593, 596 (1981) (citation omitted). Indeed, a statute may not be declared unconstitutional unless it "clearly, palpably and plainly violates the Constitution." Tosto v. Pennsylvania Nursing Home Loan Agency, 460 Pa. 1, 331 A.2d 198 (1975).

Defendant initially challenges the constitutionality of the DUI legislation's mandatory minimum sentencing provision as violative of the doctrine of separation of powers. It is beyond cavil that such legislative enactments infringe upon the prerogative of the courts in handing down sentences. However, as our courts have noted:

"[t]he legislature has the right to classify crimes, and designate the procedure at trial or after sentence; it may fix the maximum penalty and likewise can, if it sees fit, name the minimum. The necessity or wisdom of its action is a question for its determination, and in so doing it does not violate Art. V, §1 of the [Pennsylvania] Constitution. vesting the judicial power in the courts."

Commonwealth ex rel. Lycett v. Ashe, 145 Pa. Super. 26, 29, 20 A.2d 881, 883 (1941) (Citations omitted.) See also Rummel v. Estelle, 445 U.S. 253, 275, 100 S.Ct. 1133, 1139, 63 L.Ed.2d 302 (1980) (length of sentence actually imposed is purely a matter of legislative prerogative). Defendant correctly observes that the separation of power doctrine acts as a check to the "impulsiveness of the legislature." While this court concedes that the inclusion of mandatory minimum provisions in the DUI legislation may have resulted from a "knee jerk" reaction

to public pressures, in fact, the court may only strike down legislation when it clearly invades the sphere of power exclusively relegated to another branch of government. See Sweeney v. Tucker, 473 Pa. 493, 375 A.2d 698, 705 (1977).

Defendant's second point of attack arises out of a Pennsylvania constitutional provision regarding the form of bills which states:

No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof. Pa.Const. Art. III, §3.

The degree of specificity required in a title to a bill has been examined by the courts in numerous ways. One court explained that the purpose of the provisions pertaining to legislation in Article III of the Pennsylvania Constitution was "to provide full notice and publicity to all proposed legislative enactments and thus to prevent the passage of 'sneak' legislation." L.J.W. Realty Corporation v. Philadelphia, 390 Pa. 197, 205, 134 A.2d 878, 882 (1957). It has also been noted that "while the title to an act need not be a complete index to its contents it must contain language sufficient to inform those to be affected of the contents of the bill." Harvey v. Ridley Township, 350 Pa. 210, 213, 38 A.2d 13, 14 (1944) (citation omitted). In still one other case, the court pronounced:

It is unnecessary to elaborate upon the oft-repeated principle that all the [Pennsylvania] Constitution requires is that the title should put persons of a reasonably inquiring state of mind on notice of the general subject matter of the act. Gumpert's Estate, 343 Pa. 405, 407, 23 A.2d 479, 480 (1942). This language has been recently interpreted to mean "that a reasonably inquisitive person who reads the title of

an act should be able to ascertain from the title whether he will be affected by the legislation." Spidle v. Livingston Construction Co.,    Pa. Super.     ,       , 457 A.2d 565, 568 (1983). The title to the DUI act provides:

amending Titles 75 (Vehicles) and 42 (Judiciary and Judicial Procedure) of the Pennsylvania Consolidated Statutes, further regulating driving under the influence of alcohol or controlled substance, regulating chemical tests and refusal to submit; driving while operating privileges suspended or revoked, defining presumptions of guilt, establishing required program for offenders, regulating the disposition of Accelerated Rehabilitative Dispositions, establishing the defense of homicide by vehicle while driving under the influence, regulating emergency room reports, granting reciprocal suspension and revocation enforcement agreements, restricting consumption of alcohol in a vehicle in operation, increasing penalties and further providing for the disposition of certain fines and penalties.

The final clause of this title provides sufficient notice to the reasonably inquisitive person that the act contains changes in the penalties which may be imposed thereunder; hence, sufficiently arousing the curiosity of that person and alerting him to the manner in which his rights may be affected by the legislation.

The fact that the legislation contains a mandatory sentencing aspect does not alter our conclusion. The defendant cites case law which indicates that where mandatory obligations are imposed, the legislation's title must contain language explicitly expressing this fact. See e.g., Investor's Realty Co. v. Harrisburg, 281 Pa. 200, 126 A. 236 (1924). However, this description of the holding in Investor's Realty sweeps too broadly.

The court in Investor's Realty focused on: (1) the mandatory nature of the legislation; (2) the new burdens imposed on municipalities thereunder; and, (3) the language of the act's title. It observed the importance of providing the public with notice of legislation's subject matter in the title, "especially where . . . it places new burdens and imperative duties upon municipalities which finds no suggestion in the title." Id. at 203, 126 A. at 237. In striking down the statute in issue, the court emphasized the misleading nature of the statute's title. Thus, the question is not whether the title of an enactment contains "magic words," rather, the court must look to the title's language and determine whether it affords sufficient notice to advise the public of changes in the statute's penalties.

In the new DUI legislation, although the sentencing minimums are now mandatorily prescribed, the last clause of the act's title expressly provides for the increased penalty and changes in the disposition of fines and penalties. The title of the act thereby affords sufficient notice to the public of the modification contained therein with respect to the statute's penal provisions.

The last argument posed by defendant challenges the sufficiency of the evidence. The defendant maintains that the Commonwealth's evidence was insufficient to establish beyond a reasonable doubt that he committed the crime with which he was charged. Of course, the test for the sufficiency of the evidence in a criminal case is whether the evidence admitted at trial is sufficient to prove every element of the crime or crimes charged beyond a reasonable doubt. Commonwealth v. Harper, 485 Pa. 572, 402 A.2d 536 (1979). In making this determination, the court must view the evidence in the light most favorable to the Commonwealth as the

verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the factfinder could have properly have based its verdict. Commonwealth v. Helm, 485 Pa. 313, 402 A.2d 500 (1979).

Viewed in that light, the testimony at trial disclosed the following: Radnor Township Police Officer Susan D. Cory was on patrol during the early morning hours of January 18, 1983. At approximately 1:00 a.m., she observed the defendant operating a white 1970 Chevrolet Sedan on King of Prussia Road in Radnor Township, Delaware County, Pa. She witnessed defendant make a wide left hand turn onto Lancaster Pike. The officer followed defendant eastward on Lancaster Pike and observed defendant engaged in a number of erratic driving behaviors. In addition to the wide turn onto Lancaster Pike, defendant weaved across both lined eastbound lanes and at one point crossed the center line of Lancaster Pike. In addition, defendant almost touched the right hand curb of the street. Later on, defendant failed to stop at a red light before entering the pedestrian crosswalk at a given intersection.

After stopping defendant, Officer Cory detected the odor of alcohol on defendant's breath. Moreover, she noted an impairment of defendant's speech. The officer opined that the amount of alcohol consumed by defendant affected his driving ability and caused him to disobey rules of the road. Furthermore, she believed that defendant was incapable of safe driving under the circumstances.

Evidence which tended to rebut some of this testimony was adduced by defendant. However, applying the rule for determining the sufficiency of evidence, this court cannot find the evidence was

insufficient in law to sustain defendant's conviction of driving while under the influence of alcohol.

The court is therefore obliged to dismiss defendant's post-trial motions.