## Commonwealth *v.* Thomas, Appellant.

*Constitutional law—Statutes—Defective title—Act of May 21, 1913, P. L. 279—Constitution of Pennsylvania, Article 3, Section 3.*

1. While the title to an act of assembly is not required to be a complete index to its contents and the title to an amending or supplemental act sufficiently complies with the requirements of Section 3, Article 3, of the Constitution, if it declares itself to be an amendment or supplement, and its provisions are germane to the subject of the original act, the title must not only embrace the

subject of the proposed legislation but also express the same so clearly and fully as to give notice of the legislative purpose to those who may be specially interested therein.

2. The Act of May 21, 1913, P. L. 279, amending the Act of April 27, 1909, P. L. 262, which provides for the regulation and management of county prisons in counties having a population in excess of 150,000 and less than 250,000, is violative of Article 3, Section 3, of the Constitution of Pennsylvania and is void, in so far as it creates a new class of counties having a population in excess of 150,000 and not exceeding 325,000, by reason of its title failing to disclose the intention of the legislature to create a new class of counties for any purpose. In so far as the Act of 1913 amends the provisions of the Act of 1909, regulating the management of jails or prisons in the class of counties specified in the Act of 1909, it is not open to the objection that its title is defective.

Argued Jan. 11, 1915. Appeal, No. 233, Jan. T., 1914, by defendant, from judgment of C. P. Lackawanna Co., March T., 1914, No. 188, of ouster on writ of quo warranto, in case of Commonwealth of Pennsylvania, ex rel. George W. Maxey, District Attorney of Lackawanna County, v. William E. Thomas, Warden of the County. Jail of Lackawanna County. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Quo warranto to oust the respondent from the office of warden of the Lackawanna County jail.

Demurrer to answer to suggestion for writ of quo warranto. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

The court sustained the demurrer to the answer and entered judgment for the Commonwealth. Defendant appealed.

*Error assigned* was the judgment of the court.

*John P. Kelly,* with him *J. W. Carpenter,* for appellant.—The title to the Act of May 21, 1913, P. L. 279, is not defective but clearly discloses the purpose of the act:

VOL. CCXLVIII—17

Yoho v. Allegheny County, 218 Pa. 401; Com. v. Morgan, 178 Pa. 198; Patton's Election, 228 Pa. 446.

*Wm. R. Lewis,* of *Taylor & Lewis,* for appellee.—The title to the Act of May 21, 1913, P. L. 279, fails to disclose that a new classification of counties for certain purposes is provided in the act and the act is therefore unconstitutional: Union Passenger Railway Company's App., 81* Pa. 91; Com. v. Samuels, 163 Pa. 283; Provident Life & Trust Company v. Hammond, 230 Pa. 407; Central District & Printing Telegraph Company v. Homer City Borough, 242 Pa. 597.

OPINION BY MR. CHIEF JUSTICE BROWN, March 1, 1915:

The general Act of April 5, 1790, 2 Sm. 539, makes the sheriff of Lackawanna County the custodian of its jail. By the Act of April 27, 1909, P. L. 262, this was changed. That act is entitled "An act providing for the better management of the jails or county prisons in the several counties of this Commonwealth, having over one hundred and fifty thousand and less than two hundred and fifty thousand inhabitants each, by creating in such counties a board, to be known by the name and style of inspectors of the jail or county prison, with authority to appoint a warden of such prison, and by vesting in said board and the officers appointed by it the safe-keeping, discipline, and employment of prisoners, and the government and management of said jails or county prisons." At the time of the passage of the Act of 1909 the population of Lackawanna County, according to the last preceding census, brought it within the provisions of that act, but, when the census of 1910 was taken, its population was in excess of 250,000, and the act, as to it, ceased to be operative. This is conceded, and the custody of the county jail reverted to the sheriff. By an act passed May 21, 1913, P. L. 279, the Act of 1909, was amended by creating a new class of counties subject to its provisions. This new class is composed of counties having

a population in excess of 150,000 and not exceeding 325,-
000. When the Act of 1913 was passed the population
of Lackawanna County was in excess of 250,000 and be-
low 325,000, and if the amending act is constitutional
legislation, the county is embraced within its provisions.
At the general election held in November, 1913, Benja-
min S. Phillips was elected sheriff of the county, which
then had a population of 259,570. On the first Monday
in January, 1914, William E. Thomas was appointed
warden of the county jail, under the provisions of the
Act of 1909 as amended by the Act of 1913. Shortly
thereafter the proceeding before us for review was insti-
tuted and a judgment of ouster entered against Thomas,
for the reason that the amending Act of 1913 was vio-
lative of Section 3, Article III, of the Constitution, which
requires the subject of an act of assembly to be clearly
expressed in its title.

As the title to an act of assembly is not required to be
a complete index to its contents, the title of an amend-
ing or supplementary act sufficiently complies with the
requirements of Section 3, Article III, of the Constitu-
tion if it declares itself to be an amendment or supple-
ment and its provisions are germane to the subject of the
original act: In re Boro. of Pottstown, 117 Pa. 538;
Philadelphia v. Ridge Ave. Pass. Ry. Co., 142 Pa. 484;
Yoho v. Allegheny County, 218 Pa. 401. But while this is
true, our decisions relating to the titles of supplemental
or amending legislation do not depart from the rule that
the title must not only embrace the subject of the pro-
posed legislation, but also express the same so clearly
and fully as to give notice of the legislative purpose to
those who may be specially interested therein: Mt. Joy
Borough v. Lancaster, Etc., Turnpike Co., 182 Pa. 581.

The subject of the Act of April 27, 1909, is the "better
management of the jails or county prisons in the several
counties of the Commonwealth, having over one hundred
and fifty thousand and less than two hundred and fifty
thousand inhabitants each." In so far as the Act of 1913

amends the provisions of the Act of 1909, regulating the management of jails or prisons in the specified class of counties, it is not open to objection that its title is defective. But it does more than this, of which no notice appears in its title. Instead of confining itself to amending the provisions of the original act relating to the management of jails or prisons, it creates a new class of counties, to be taken out of the Act of April 5, 1790, and to be made subject to the provisions of the Act of 1909. When the Act of 1913 was passed, the County of Lackawanna was no longer interested in the provisions of the Act of 1909. The census of 1910 had taken it out of that act, and how can it be seriously contended that there was any notice in the title to the Act of 1913 that it, or any other county containing over 150,000 and less than 325,000 inhabitants, was to be made subject to the provisions of the Act of 1909? For the words "containing over one hundred and fifty thousand and less than two hundred and fifty thousand inhabitants," in the first section of the Act of 1909, the Act of 1913 substitutes "containing over one hundred and fifty thousand and less than three hundred and twenty-five thousand inhabitants." Can it be pretended that, if these last words had originally appeared in the Act of 1909, they would have been valid under the title to the act, which limited its provisions to counties containing over one hundred and fifty thousand and less than two hundred and fifty thousand inhabitants? When the Act of 1913 was passed, the people of Lackawanna County, as already observed, were no longer affected by the provisions of the Act of 1909, regulating the management of county prisons in a certain class of counties, and nothing in the title to the Act of 1913 gave them any notice that their county was again to be subject to the provisions of the Act of 1909. The title to the Act of 1913 was so manifestly misleading as to the real purpose of the proposed amendment that the court below would have palpably erred if it had failed to enter judgment for the Commonwealth. Among the

cases clearly supporting that judgment is Union Passenger Railway Company's App., 81* Pa. 91. In that case an act incorporating a passenger railway company authorized it to lay its tracks on a number of designated streets. Subsequently a supplement was passed to the incorporating act, the title to the supplement being "A further supplement to an act entitled 'An act to incorporate the Union Passenger Railway of Philadelphia, approved April 8th, A. D. 1864, authorizing said company to declare dividends quarterly, and to lay additional tracks of railway." In the body of the supplementary act streets upon which the tracks of the company could be laid were named which did not appear in the original act. In holding that this was invalid legislation, in violation of the constitutional requirement that the subject of the act should be clearly expressed in the title, it was said by Mr. Justice AGNEW: "The words of the second amendment to the Constitution adopted in 1864, are quite plain: 'No bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title, except appropriation bills.' In Dorsey, Macklin and Donnelly & Co.'s App., decided at this term (22 P. F. Smith 192), we have discussed the purpose of this amendment, and shall not repeat what was then said, except to state that a title to a bill which tends to mislead, stands upon a different footing from one which is merely general in its terms. When the title conveys the belief that one subject is the purpose of the bill, while another and different one is its real subject, it is evident that it tends to mislead by diverting the attention from the true object of the legislation. Confiding in the title as applicable to a purpose unobjectionable to the reader, he is led away from the examination of the body of the bill. In such a case the subject is not clearly expressed in the title. Indeed it is not expressed at all. It may have something colorable in it, but this is merely hinting at the subject, not expressing it. To lay additional tracks on an existing rail-

way is a different thing from extending the railway itself into new territory not before authorized to be used. The difference in purpose is so palpable, and the difference in consequences so grave, the mind cannot hesitate a moment in the conclusion that the language which authorizes the former only cannot mean to sanction the latter. To confound these two is to open the door to fraud, and to enable men, expert in the use of phrases, to steal away the rights of the people; and this it was a purpose of the amendment to prevent. Then, clearly, a reader of this title alone would be led to conclude that the purpose of the supplement was to enable a single-track railway company, as this company was, merely to lay down additional tracks along its line of railway. The language is not that of extension of its line into new places, but of addition to that which it had already. The reader would scarcely surmise that the title covered an intent to allow the railway to run upon new streets, and beside other railways." The reader of the title to the Act of 1913 would scarcely surmise that its title "covered an intent" to create a new class of counties to be brought within the provisions of the Act of 1909. On the contrary, his only surmise would be that the provisions of that act, as confined to counties therein named, were to be changed or altered. The purpose of the constitutional requirement that the subject of an act be clearly expressed in its title is to prevent the passage of unknown and alien subjects which may be coiled up in the folds of a bill: Dorsey's App., 72 Pa. 192. This purpose would be clearly defeated in the case before us if we were to reverse the judgment below.

Judgment affirmed.