Commonwealth *v.* Wynn, Appellant.

Argued March 22, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*J. Leon Rabben,* for appellant.

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District

Attorney, and *Richardson Dilworth,* District Attorney, ·for appellee.

OPINION BY WOODSIDE, J., July 13, 1954:

The appeal in this case must be quashed because it was not taken within the time prescribed by law.

The appellant was sentenced September 23, 1953, in the Court of Quarter Sessions of Philadelphia on the charge of receiving stolen goods. The appeal was taken December 22, 1953 more than 45 days after the sentence.

Section 4 of the Act of May 19, 1897, P. L. 67 as last amended by the Act of May 11, 1927, P. L. 972, 12 PS 1136 provides, inter alia, that "No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions or oyer and terminer, unless taken within forty-five days from the entry of the sentence or order."

Appellant concedes that the motion to quash made by the Commonwealth must be granted unless the Act of 1927 (supra) is unconstitutional.

He challenges the constitutionality of this Act on the ground that the subject of the bill was not clearly expressed in its title as required by Article III, Section 3 of the Constitution.

The title to the Act of 1927, supra, reads as follows:

"An Act to amend section four as amended, and section twelve of an act, approved the nineteenth day of May, one thousand eight hundred and ninety-seven (Pamphlet Laws, sixty-seven), entitled 'An Act regulating the practice, bail, costs, and fees on appeals to the Supreme Court and Superior Court;' fixing the time within which appeals may be allowed and heard; and regulating the effect of, and procedure in, certain appeals."

Anyone seeking to determine the time within which an appeal could be taken to the Superior Court would certainly be expected to examine the body of an act, the title of which told him it was "fixing the time within which appeals may be allowed."

The Constitution presupposes a reasonably inquiring state of mind in those who read the title to an act: *Reeves v. Phila. Suburban Water Co.,* 287 Pa. 376, 135 A. 362 (1926) ; *Commonwealth v. Leswing,* 135 Pa. Superior Ct. 485, 489, 5 A. 2d 809 (1939) ; *Lancaster City Annexation Case (No. 1),* 374 Pa. 529, 532, 98 A. 2d 25 (1953).

Section 4 of the Act of 1867 (supra) immediately prior to the Amendment of 1927 (supra) provided for appeals within three months from the courts of common pleas, quarter sessions and oyer and terminer and the orphans' court. The amendment of 1927 provided that the time should be 45 days in appeals from quarter sessions and oyer and terminer, but did not change the time for appeals from common pleas and orphans' court. It was not necessary to set forth in the title that the time allowed for taking an appeal would be different when taken from different courts.

A short general comprehensive title is more desirable than a long one which attempts to point out all the details of the statute. *Minsinger v. Rau,* 236 Pa. 327, 84 A. 902 (1912).

That the title referred to "fixing" the time instead of "changing" or "shortening" or "diminishing" should not mislead any person. "Fixing the time" could reduce, change or extend the time, but certainly no person would fail to look at the body of such an act to determine the time which the Legislature fixed for taking an appeal.

As was said by Chief Justice HORACE STERN in *Harrisburg v. Pass,* 372 Pa. 318, 321, 93 A. 2d 447

(1953), the . . . "cases establish that the title of an act need not be an index of its provisions nor a synopsis of its contents, that it is sufficient if it gives notice of its tenor to interested persons of a reasonably inquiring state of mind, that so long as it indicates a general subject to which the provision involved is germane or incidental the provision itself is sufficiently contained therein,—in short, that the title is not objectionable unless a substantive matter entirely disconnected with the named legislation is included within the folds of the act." See also *Turco Paint & Varnish Co. v. Kalodner et al.,* 320 Pa. 421, 436, 184 A. 37 (1936) ; *Poor District Case (No. 1),* 329 Pa. 390, 401, 197 A. 334 (1938).

Even a cursory examination of the cases relied upon by the appellant will reveal the distinction between this case and the ones he cites.

In *Commonwealth ex rel. Reno v. Berryman,* 345 Pa. 222, 26 A. 2d 907 (1942), there was nothing in the title to warn anyone that the Act in question changed from the Commonwealth to the County the burden of removing structures from state highway rights of way. Anyone interested in counties with a population of between 250,000 and 325,000 would have been led by the title of the Act questioned in *Commonwealth v. Thomas,* 248 Pa. 256, 93 A. 1019 (1915), to erroneously assume that the Act referred only to counties with a population of 150,000 to 250,000. In *Commonwealth v. De Pofi,* 362 Pa. 229, 243, 244, 66 A. 2d 649 (1949) Chief Justice Maxey pointed out: "An attorney engaged to defend a person accused of crime and who did not plan to call his client to the witness stand would, if he read the title to the Act of 1947 . . . conclude that he had no occasion to examine the body of the Act of 1947."

These cases are examples of how one reading an improper title is misled, or not warned to peruse the body of the Act to find that which is there. But in the

case before us we can conceive of no person failing to examine the Act to determine the time in which to take an appeal to the Superior Court when he is advised by the title that the Act fixes the time for appeal.

Appeal is quashed.