## Price Appeal.

Argued March 3, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Max Rosenn,* with him *Joseph J. Gale,* and *Rosenn, Jenkins & Greenwald,* for appellants.

*Joseph P. Olexy,* with him *Edward E. Hosey,* for appellees.

OPINION BY WOODSIDE, J., April 16, 1958:

Pursuant to section 601 of The Borough Code,[1] the Court of Quarter Sessions of Luzerne County, upon petition, appointed a commission to inquire into the propriety of consolidating the wards of Plymouth Borough. The commission first recommended that the court abolish all wards and ward lines, but the court, concluding that there was no basis in the law for the recommendation of the commission, remanded the report "for further consideration and an adjudication in conformity with the statute."

---

[1] Act of May 4, 1927, P. L. 519 as amended by the Act of July 10, 1947, P. L. 1621, 1653, 53 PS §45601.

The commission, thereupon, filed a second report in which it recommended that the 13 wards be consolidated into seven wards. This report was confirmed nisi, but subsequently it, too, was remanded to the commission. On April 24, 1957, the commission filed its third report in which it again recommended that all ward lines and wards in the borough be abolished. This report was confirmed nisi on the day it was filed, and absolutely on May 28, 1957.

At the time the report was confirmed, the Borough of Plymouth had 13 councilmen—one elected from each ward.[2]

At the primary election, held between the date when the report was confirmed nisi and the date when it was confirmed absolutely, Councilmen Price and May, were nominated for reelection from their respective wards.

On October 2, 1957, after the expiration of the term in which the final order of May 28th had been entered, and after the statutory period of appeal had passed, Price and May obtained a rule upon the original and intervening petitioners to show cause why the order of May 28th should not be vacated.

After argument, the court below concluded it had no power to vacate the order "because the term at which it was entered expired on the 16th day of September, 1957, and the time for appeal had also expired."

Price and May appealed to this Court. The appellees have moved to quash the appeal on the ground it was taken too late. We are of the opinion that the appeal must be quashed because it was not taken with-

---

[2] Boroughs which are not divided into wards elect seven councilmen at large. See section 807 of The Borough Code, supra, 53 PS §45807.

in the time prescribed by statute. *Commonwealth v. Mackley,* 175 Pa. Superior Ct. 304, 104 A. 2d 169 (1954); *Commonwealth v. Wynn,* 175 Pa. Superior Ct. 546, 106 A. 2d 647 (1954); *Fenerty Disbarment Case,* 356 Pa. 614, 52 A. 2d 576 (1947); *Hanna Estate,* 367 Pa. 337, 80 A. 2d 740 (1951).

Relying upon *Weiner Appeal,* 176 Pa. Superior Ct. 255, 261, 106 A. 2d 915 (1954), and *Commonwealth v. Harradine,* 148 Pa. Superior Ct. 451, 25 A. 2d 576 (1942), the appellants contend that the court below was without jurisdiction to enter its order and that, therefore, they can appeal at any time.

Section 601 of The Borough Code, 53 PS §45601, supra, provided as follows at the time the order was entered :[3]

"The court of quarter sessions, upon petition, may divide boroughs into wards, erect new wards out of two or more adjoining wards or parts thereof, consolidate two or more wards into one ward, divide any ward already erected into two or more wards, alter the lines of any two or more adjoining wards, or cause the lines or boundaries of wards to be ascertained and established."

There is no doubt that the court had jurisdiction of the original petition and had the power to reduce the number of wards in the Borough of Plymouth. We agree with the appellants that the court misconstrued

---

[3] By Section 2 of the Act No. 433 of July 17, 1957, the following words were added to the end of the section, "or abolish all wards." Section 3 of the above act added sections 817 and 818 to The Borough Code, supra, dealing with the election of councilmen where wards are abolished and with vacancies created after a primary election. This act became effective September 1, 1957, which was between the time when the order was entered and the time when the motion was filed in the court below by the appellants herein to set aside its order.

the statute in ordering all wards abolished, but this was an erroneous construction of its power and not a lack of jurisdiction over the subject matter such as would give the right of appeal after the statutory period had passed. The court had the power to enter on the inquiry and to determine controversies of the general class to which the case presented for its consideration belongs. See *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 547, 184 A. 286 (1936); *Meetish Liquor License Case,* 161 Pa. Superior Ct. 468, 55 A. 2d 770 (1947); *Hellertown Borough Referendum Case,* 354 Pa. 255, 47 A. 2d 273 (1946); *Dauphin Deposit Trust Co. v. Myers,* 388 Pa. 444, 461, 130 A. 2d 686 (1957).

Appeal quashed.