## Rowswell Appeal.

474

Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Thomas Lewis Jones,* for appellants.

*Owen B. McManus,* and *Brandt, Riester, Brandt & Malone,* for appellee.

OPINION PER CURIAM, January 18, 1960:

This is an appeal from an order of the Court of Quarter Sessions of Allegheny County holding legal the enactment of an ordinance of the Borough of Bethel which re-zoned a part of that borough. The appeal was taken to the Supreme Court and by that court certified to the Superior Court. In view of the nature of the proceedings, we shall give our reasons for the disposition herein made.

Section 1010 of The Borough Code of May 4, 1927, P. L. 519, as re-enacted and amended by the Act of July 10, 1947, P. L. 1621, 53 PS §46010, provides, inter alia: "Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions, . . . and the determination and order of the court thereon shall be conclusive."

Where a statute provides that the order of the court below shall be conclusive, appellate review is by narrow certiorari only. *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959). See, also, *Archbishop O'Hara's Appeal,* 389 Pa. 35, 50, 51, 131 A. 2d 587 (1957). In *Bell Appeal* it was said that the Superior Court has no jurisdiction to review a case where the statute provides that the order of the court below shall be conclusive. Applying the law of *Bell Appeal* to The Borough Code, it appears to us that we have no jurisdiction of this case except for the order of the Supreme Court, but, as the Supreme Court has entered an order certifying the case to us for disposition, we are under direction to dispose of it, which, of course, we shall do.

There is a motion before us to quash the appeal. The appeal was taken more than forty-five days after the entry of the order of the court of quarter sessions. There was nothing in this case to prevent the appellant from taking the appeal within the time prescribed by the statute except his misunderstanding of the law.

476

The Act of May 19, 1897, P. L. 67, §4, as last amended by the Act of May 11, 1927, P. L. 972, 12 PS §1136, provides, inter alia: "No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions . . ., unless taken within forty-five days from the entry of the sentence or order." This provision is mandatory. *Com. v. Mackley,* 380 Pa. 70,73, 110 A. 2d 172 (1955) ; *Com. v. Wynn,* 175 Pa. Superior Ct. 546, 106 A. 2d 647 (1954) ; *Upper St. Clair Township Appeal,* 172 Pa. Superior Ct. 295, 94 A. 2d 91 (1953). The Act of 1897 relates to appeals taken to both the Supreme Court and the Superior Court; therefore, regardless of where this appeal lies, the motion to quash should be granted.

Appeal is quashed.

WRIGHT, J., concurs in the result.