## Owens v. Bureau of Elections

*Ettore S. Agolino* and *Anthony P. Moses*, for plaintiffs.

*Sandor Yelen*, for defendant.

BIGELOW, J., October 5, 1967.—The facts of the matters at issue have been stipulated by counsel for the respective parties. The stipulation was filed on September 25, 1967, and is as follows:

"1. On May 16, 1967, at the Primary Election which was held in Luzerne County, the following candidates received the nomination for the following wards and parties for the office of Borough Councilman in Larksville Borough:

"1st ward: John Owens—Republican and Democrat

"3rd ward: George Boyer—Republican and Democrat

"4th ward: Adolph Klucitas—Republican; Tony J. Kopko—Democrat

"2. On May 18, 1967, an order was issued by the Honorable Richard L. Bigelow, Judge of the Court of Common Pleas of Luzerne County, abolishing all wards in the Borough of Larksville and ordered that the respective political parties make nominations for the aforementioned offices, and that at the municipal

election to be held in November, 1967, the electors shall elect three councilmen to serve for the term of four (4) years from the 1st day of January, 1968.

"3. No appeal was taken from the aforementioned order of Judge Bigelow.

"4. On August 24, 1967, the plaintiffs filed and properly served a Complaint in Mandamus, filed to No. 1835, July Term, 1967, requesting the defendant to place the names of the plaintiffs on the ballot for the Municipal election to be held on November 7, 1967, in accordance with the aforesaid results in the primary election held on May 16, 1967.

"5. On August 30, 1967, the plaintiffs presented a Motion for Summary Judgment.

"The foregoing statement of facts is hereby accepted and approved by counsel for both parties.

> s/"Ettore S. Agolino
> s/"Anthony P. Moses
>    Attorneys for plaintiffs
> s/"Sandor Yelen
>    Attorney for defendant"

The relief sought by plaintiffs is set forth in paragraph 3 of the motion for summary judgment, as follows:

"3. The relief sought by the Plaintiffs, namely that of requiring the Defendant through its Chief Clerk to place the names of the Plaintiffs upon the ballot for the Municipal Election to be held November 7, 1967, requires immediate action on the part of the Defendant".

At argument of the motion for summary judgment on September 5, 1967, counsel and the court agreed that after the filing of the stipulation of facts the court would proceed to decide the mandamus action on its merits and would issue an order consonant with the decision embracing also the determination of whether

the motion for summary judgment should be sustained or denied.

Basically, plaintiffs maintain that the Luzerne County Board of Elections and Registration is required to place the names of the successful candidates for the offices of ward councilmen nominated at the primary election on the ballot, notwithstanding the order of this court abolishing these wards and decreeing the election of three councilmen-at-large at the general election to be held November 7, 1967, as this is a ministerial act requiring no exercise of discretion by the board, and that the refusal of the board to place the names of these nominated candidates on the ballot deprives them of vested constitutional rights. The answer filed by the board on September 19, 1967, essentially denies the validity of the claims of plaintiffs and avers that successful candidates' names should be placed on the ballot in accordance with the election laws of the Commonwealth and lawful orders of the court issued pursuant thereto, and that the constitutional rights of plaintiffs have not been denied and, in connection with this averment, that plaintiffs have failed to exercise their legal rights by not filing timely exceptions and/or appeals from the order of May 18, 1967: Stipulation, paragraph 2.

The decree, dated May 18, 1967, is as follows:

"NOW, May 18, 1967, at 10:35 A.M., it is decreed in accordance with the Borough Code of February 1, 1966 (1965), Sections 45816 and 45817 (53 P.S. 45816 and 45817) as follows:

"1. All wards of Larksville Borough are abolished.

"2. At the municipal election to be held in November, 1967, the electors shall elect three councilmen to serve for a term of four years from the first day of January, 1968.

"3. Vacancies in the office of three councilmen resulting from this Decree may be filled by nomination

by such committees as are authorized by the rules of the respective political parties to make nominations in the event of vacancies on the respective party tickets.

"By the court,
s/BIGELOW, J."

As noted in the stipulation, no appeal was taken from this decree. The decree conforms to the pertinent sections of the Borough Code, as follows:

"Whenever the court of quarter sessions shall abolish all wards in any borough and when the report in such case is confirmed by the court, it shall, at the same time, decree the election of seven councilmen at large for the borough in such manner as not to interfere with the terms of those ward councilmen theretofore elected": Act of February 1, 1966, P. L. (1965) 1656, sec. 816, 53 PS §45816.

"Whenever a decree of court is made after a primary election and, as a result thereof, a vacancy is created in the office of councilman, it may be filled by nomination made by such committee as is authorized by the rules of the party to make nominations in the event of vacancies on the party ticket": Act of February 1, 1966, P. L. (1965) 1656, sec. 817, 53 PS §45817.

On the same day, May 18, 1967, at 10:30 a.m., prior to issuing the aforesaid decree, the court confirmed the report of the commissioners, as follows:

"NOW, May 18, 1967, at 10:30 A.M., it appearing that the filing of Report of Commissioners and the confirming same nisi were advertised in the Wilkes-Barre Record, in accordance with said Order, and no exceptions having been filed within thirty (30) days after said date of filing, on motion of Jonathan C. Valentine, Attorney for Petitioners, said Report of Commissioners is confirmed absolutely.

"By the court,
s/BIGELOW, J."

The order confirming nisi the report of the commissioners was issued by the court on April 11, 1967, and notice thereof was directed to be published in a newspaper of general circulation stating further that exceptions thereto must be filed within 30 days after the filing date. This order, the order and decree noted above, the petition, the report of the commissioners, and the proof of publication, are filed to no. 2250, 1966, in the Court of Quarter Sessions of Luzerne County.

The court has recited in some detail the various procedural steps followed prior to the order of May 18, 1967, to bring into focus plaintiffs' averment in their complaint in mandamus that they have no adequate remedy at law. For 30 days after the decree nisi of April 11, 1967, plaintiffs and all other interested parties had the legal right to file exceptions to the decree nisi. The confirmation nisi was advertised in the Wilkes-Barre Record on April 13, 1967, together with a notice that exceptions to said decree may be filed within 30 days after the date of the decree nisi. No exceptions were filed. Plaintiffs had a statutory remedy at law but failed to exercise it. Plaintiffs now seek to avoid the result of the proceedings in the court of quarter sessions by claiming that the board is required to recognize their nominations at the primary election notwithstanding the final and unappealed court order of May 18, 1967, to the contrary and notwithstanding section 817 of the Borough Code also to the contrary, and base their claim on the general proposition that they have a constitutional right, the basis of which is undisclosed, requiring the court and the board to comply with their demand.

Price Appeal is submitted as authority for plaintiffs' position that the order of May 18, 1967, was not a legal order of the court, for as that case states:

". . . We agree with the appellants that the court misconstrued the statute in ordering all wards abolished, but this was an erroneous construction of its power and not a lack of jurisdiction over the subject matter such as would give the right of appeal after the statutory period had passed . . .": Price Appeal, 186 Pa. Superior Ct. 33, 36.

However, in this decision, the Superior Court specifically noted that, while section 601 of the Borough Code at the time of the order abolishing all of the wards in the Borough of Plymouth did not authorize the court on petition proceedings to abolish all wards, this deficiency was remedied by the Act No. 433 of July 17, 1957, by the addition of the words "or abolish all wards" to the end of section 601, supra: Price Appeal, supra, footnote 3, page 36. Thus, there can be no question that the court, in proper proceedings before it, can abolish all of the wards of a borough. Furthermore, the court has reviewed the procedure followed in the court of quarter sessions by the petitioners, the court, and the commissioners designated by the court to hear the petition and make a report thereof to the court. Nothing has been pointed out to the court by plaintiffs herein, nor has the court been able to find any irregularities in those proceedings: Ambridge Borough Electors Petition, 425 Pa. 203. Furthermore, as the order of May 18, 1967, became effective immediately, over four months prior to the date for filing the substituted nomination documents, under the ruling of the Ambridge case, supra, this time did not constitute an undue interference with the pending general election and was in sufficient time to permit all concerned parties to adequately prepare for said general election.

At oral argument, counsel for plaintiffs attached particular importance to the phrase in section 816, supra, "as not to interfere with the terms of those

ward councilmen theretofore elected". If the decree had been signed after the general election and plaintiffs had been elected to the offices they sought, namely those of ward councilmen, there would appear to be considerable merit to their position. However, the general assembly specifically provided for the situation existing in the present litigation, namely, where the decree of court is made *after a primary election*, in section 817 of the present Borough Code, supra. At that time, the offices of ward councilmen were abolished except for those specifically preserved by section 816, supra. The new offices were those of councilmen-at-large, and the order of May 18, 1967, specifically followed the language of this section in directing the manner in which the councilmanic candidates should be nominated, as these offices would be vacant as of January 1, 1968, were to be filled at the general election of 1967, and nominations were to be made as prescribed by section 817. At argument counsel for plaintiffs submitted the argument that since two of the plaintiffs had each successfully obtained the nominations for the Democrat and Republican parties, this was tantamount to election at the general election, and, therefore, section 816 should apply and they should be considered as "ward councilmen theretofore elected". Ingenious as this argument is, it fails to distinguish between "election" and "nomination". Election could occur only at the general election, whatever the mathematical probabilities may be. Where, as here, there is a specific legislative mandate, there should be no speculation as to the effect of a general provision which by its very terms is not applicable.

Finally, it is clear that what plaintiffs are seeking in this mandamus proceeding is a review of the proceedings in the court of quarter sessions which culminated in the order of May 18, 1967, which remains unappealed. It is not the function of a writ of man-

damus to serve as an appeal or writ of error: Caldwell v. Fairley, 363 Pa. 213, 214.

For the reasons set forth above, plaintiffs' application for summary judgment will be denied and plaintiffs' complaint will be dismissed.

### ORDER

Plaintiffs' motion for summary judgment hereby is denied and plaintiffs' complaint in mandamus hereby is dismissed.