# In Re: Petition to Establish Election Districts in the Township of Aston

*Marc Lamer,* for the Township of Aston.
*Peter J. Nolan,* for respondents.

DIGGINS, *SR.J.*, August 12, 1983—Currently before our court are two petitions involving the election Districts of Aston Township. The first petition is to confirm the reapportionment plan as adopted by the Township of Aston, Ordinance No. 553. The second petition is to establish election districts in conformity with the reapportionment plan. Since the matters are inter-related, we consolidated the Petitions for one hearing.

The pertinent facts are as follows:

1. On June 16, 1982, the Township of Aston by its Commissioners, unanimously adopted a plan for reapportionment.

2. In January, 1983, the township, pursuant to 53 Pa. C.S.A. §2701, petitioned this court to create new election districts.

3. On February 4, 1983, respondents, a group of citizens of Aston Township, filed an answer to the petition, asking that this court refuse the petition.

4. The argument of respondents is that the township adopted a reapportionment plan that was incomplete.

5. It is undisputed that the Commissioners were considering four separate reapportionment plans.

6. The township readily admits that the official map was not drawn until after the ordinance was adopted. The reason given for this is that an official map costs $1,500 and it would be costly to draw up maps that were not going to be used.

7. Mr. Peter Rohall, then Vice President of the Commissioners, testified that he chaired the committee which prepared the reapportionment plans. He further testified that each Commissioner was given a packet of information on each plan. Said information included proposed new districts, as well as population figures.

8. Respondents complain that the Commissioners failed to take into consideration those areas of the township which grew in size.

9. The Commissioner testified that they used the official 1980 census figures as provided by the Government.

10. The Commissioner further testified that the ratio of population between the largest and the smallest of the new wards is only 1.064 to 1.

Therefore, the first issue which we must decide is whether the Commissioners acted properly in adopting Ordinance No. 553.

We are convinced that the township acted properly in adopting its ordinance. The Commissioners

were provided the information on population and location of the new wards. Further this information was available to the public. We are not overly concerned that the official map was not attached to the ordinance until a later date. The cost of drafting maps which would never be used, is indeed a waste of money. The new districts were available to those who sought out the information.

Likewise, we are cognizant of the constitutional requirements of one man, one vote. We are likewise aware that our courts have allowed a greater variance when dealing with local municipalities. See Newbold v. Osser, 425 Pa. 478, 230 A.2d 54 (1967). A ratio of 1.064 to 1 is certainly within the allowable limits. The township took only those figures which they were allowed to use, the official census figures. To allow local officials to guess at the number of persons that may have moved into an area, would only lead to an abuse of power. The township acted properly in passing its ordinance and we affirm the reapportionment plan as adopted.

At the original hearing, we determined that the township failed to give proper notice of the new districts, and we further ordered that the township post notice in the areas to be affected and that the township advertise in the Legal Journal and local newspapers. We are satisfied that the township has now met all the notice requirements.

We now turn to the more critical issue of whether we should allow the new wards to be effective for the general election of November, 1983. The township urges this court to implement the new districts between the primary and general elections. The township admits that they cannot find a case on point. However, they cite Petition to Consolidate Wards in the Borough of Plymouth, Luzerne County,

186 Pa. Super. 33, 140 A.2d 369 (1958), for the proposition that a primary election may be held under one plan and a general election held under a different plan. The glaring difference between the Luzerne County, supra, matter and the present case is that in Luzerne County, the court abolished all the wards and made the entire council run at large. By doing this not one person lost their right to vote. To change the election plan in this matter would be to deprive more than 1,000 citizens of their right to vote.

One of the fundamental principles upon which our government is built, is the right to vote. Our courts have gone so far as to declare that the right to vote is fundamental. See Kaufman v. Osser, 321 F. Supp. 327, (1972).

For our courts to deprive a citizen of his right to vote by adopting the township position is unthinkable. We are aware that if the new plan is not put into effect until 1984, the wards will be out of proportion. We find this to be the lesser of the evils. We see no greater evil than that which would disenfrancise the voters. In Aston Township only the odd numbered wards are electing commissioners. The reapportionment plan as adopted, would move some voters into the new wards and at the same time, remove voters. The overall effect of this is that some voters were eligible to vote in the primary but not in the general election. Likewise, there are voters who were not eligible to vote in the primary but who are now eligible to vote in the general election.

When we are asked to balance the alternatives of not allowing people to vote, versus having disapportioned wards, we think the right to vote far outweighs any consideration that could be given to the size of the wards.

This court has not, cannot and will not deprive the duly registered voters of their constitutional right to vote.

Accordingly, for all of the above reasons, we enter the following

## ORDER

And now, this August 12, 1983, after hearing testimony and reviewing Briefs of respective counsel, the following is ordered and decreed:

1. The election districts as adopted by the Township of Aston, Ordinance No. 553, are hereby confirmed.

2. Said districts to be in effect from January 1984 until changed by further action of this court or unless changed pursuant to a lawfully adopted ordinance.