William J. Ruano, Esquire, Petitioner *v.* Alexander F. Barbieri, Judge, Court Administrator of Pennsylvania, and Gerald W. Spivack, Esquire, Deputy Court Administrator, Respondents.

Argued November 1, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,

MENCER, ROGERS, BLATT and MACPHAIL. Judges DI-
SALLE and CRAIG did not participate.

*D. Michael Fisher,* for petitioner.

*Jonathan Vipond, III,* for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, April 18,
1979:

Petitioner, William J. Ruano, Esquire, has filed a
petition for review in the nature of a complaint in
equity and for declaratory judgment. Petitioner seeks
to have this Court (a) determine the vitality and
constitutionality of Section 205 of the Magisterial Dis-
trict Reform Act (Reform Act),[1] 42 P.S. §2205, and
(b) order respondents to register him as a ''qualified
retired district justice'' under the provisions of that
section.

The material facts of this case are not in dispute.
On November 21, 1977, petitioner was appointed and
commissioned as a district justice by Governor
Shapp. On April 20, 1978, petitioner attained the
age of seventy, and was, therefore, required to re-

---

[1] Act of July 15, 1976, P.L. 1014.

tire as district justice by the mandatory retirement provisions of Article V, Section 16(b), of the Pennsylvania Constitution. By letter of counsel, petitioner requested on April 27, 1978, that respondents register him as a "qualified retired district justice," pursuant to the provisions of Section 205 of the Reform Act. On May 15, 1978, petitioner was advised by respondents that they would not register him pursuant to Section 205, as respondents believed said section to be unconstitutional.

Petitioner filed his petition for review in this Court on May 30, 1978. On June 28, 1978, respondents filed an answer admitting all of petitioner's factual averments. Under new matter, respondents assert that: (1) the Judiciary Act Repealer Act (JARA),[2] 42 P.S. §20002(a)[1478], has repealed Section 205 of the Reform Act, thereby rendering this case moot; (2) the new provisions of the Judicial Code regarding assignment of senior district justices, 42 Pa. C.S. §4122, presently afford petitioner no right either to registration or assignment; and (3) regardless of whether the provisions of Section 205 or those of 42 Pa. C.S. §4122 apply, both sections are void because they conflict with Article V, Section 16(c), of the Pennsylvania Constitution. The case is before us upon petitioner's motion for summary judgment.

We turn initially to the question of which statutory provision is currently the law of Pennsylvania. The Reform Act became law effective July 1, 1976. The provisions of Section 205 are as follows:

Retired district justices, who retire subsequent to January 1, 1976, may be eligible for recall to duty by the district justice administrator *at the same per diem salary as paid to a district justice serving outside of the elected*

---

[2] Act of April 28, 1978, P.L. 202.

*magisterial district.* *A qualified retired district justice, who wishes to be recalled for duty, shall register with the district justice administrator* and agree to abide by any rules and regulations set forth by the administrator. Retired district justices shall not include district justices defeated for reelection by the electorate, nor shall it include any district justice who was suspended or removed from office. (Emphasis added.)

JARA, 42 P.S. §20002(a)[1478], effective June 27, 1978, provides:

(a) Except as otherwise expressly provided in this subsection, the following acts and parts of acts are hereby repealed absolutely:

. . . .

[1478] Act of July 15, 1976 (P.L. 1014, No. 204), known as the 'Magisterial District Reform Act,' except subsection (a) of section 206. Section 4(a) shall be applicable to the **repeal** of section 209 and Article IV of the act. *Section 4(b) shall be applicable to the repeal of section 205 (as to expenses and mileage),* subsection (b) of section 206, and the penultimate and last sentences of clause (3) of section 303 of the act. Subsection (b) of section 206 of the act is hereby repealed immediately insofar as inconsistent with general rules prescribed pursuant to 42 Pa. C.S. §4123 (relating to assignment procedure). (Emphasis added.)

Section 4(b) of JARA, 42 P.S. §20004(b), is a delayed effective date provision which reads: ''(b) Repeals contained in this act which make reference to this subsection shall take effect two years after the general effective date of this act.'' The ''Official Disposition Note'' accompanying 42 P.S. §20002(a)[1478] imparts the following:

Repealed Section        42 Pa. C.S.A. Sec.
  or Act   Purdon's Citation   Unless Noted

. . . .

205('80)* . . . 42 P.S. §2205 . . . . 102, 4122
(b), 4123.

Provisions in Notes marked with an asterisk are "repealed specially" and parenthetical dates indicate "delayed repeals."

Petitioner argues that the entirety of Section 205 of the Reform Act is subject to delayed repeal and, therefore, is not repealed until June 27, 1980. Respondents contend that the qualifying parenthetical language "section 205 (as to expenses and mileage)" indicates that only a particular portion of Section 205 is subject to delayed repeal, with the remainder of Section 205 having been repealed absolutely June 27, 1978.

Although, curiously, the words "expenses and mileage" are nowhere to be found in Section 205, we believe that the legislature, in employing those words in 42 P.S. §20002(a) [1478], intended to refer to the "per diem salary" provision of Section 205. Section 205 provides that a retired district justice shall receive compensation "at the same per diem salary as paid to a district justice serving outside of the elected magisterial district." Section 206(b) of the Reform Act, 42 P.S. §2206(b), which establishes compensation for district justices serving outside of their elected districts, does specifically contain the words "expenses" and "mileage." We note also that JARA accords Section 206(b) of the Reform Act the delayed repeal date of 1980.[3]

---

[3] Section 206(b) of the Reform Act could possibly be repealed prior to June 27, 1980, if "general rules" are prescribed pursuant to 42 Pa. C.S. §4123 and Section 206(b) is inconsistent therewith. See 42 P.S. §20002(a) [1478].

Thus, we agree with respondents' position and hold that the legislature intended to repeal absolutely, effective June 27, 1978, all of the provisions of Section 205, *except for* the compensation clause thereof, governed by Section 206(b), which shall remain in effect until June 27, 1980, when it too will be repealed. We further hold that, effective June 27, 1978, the applicable provisions governing assignment of senior district justices are those found in the Judicial Code, 42 Pa. C.S. §4122(b). Since no registration procedure is established therein, petitioner's request for injunctive relief must be denied.[4]

There remains respondents' contention that the new provisions on assignment of senior district justices contained in the Judicial Code, 42 Pa. C.S. §4122, are unconstitutional as violative of Article V, Section 16 (c), of the Pennsylvania Constitution. The provisions of 42 Pa. C.S. §4122, effective June 27, 1978, are as follows:

> (a) General rule.—Subject to general rules any district justice may be temporarily as-

---

[4] Respondents have urged us to dismiss this case as moot because the basis of petitioner's injunctive relief is a now-repealed statutory provision, but we decline to do so for the following reasons. First, petitioner's petition for review also contains a request for declaratory judgment. Although admittedly addressed to his registration rights under Section 205 of the Reform Act, we believe that petitioner's petition for review, given the complexity suffusing these proceedings by the delayed repealer provisions of JARA, can be broadly construed as a request for a declaration of the constitutionality of the new senior district justice assignment provisions of the Judicial Code. Second, respondents themselves have raised in new matter the issue of the constitutionality of the new assignment provisions of the Judicial Code. Finally, since we would have held the now-repealed registration procedure of Section 205 to be constitutional, petitioner had a right to be registered when he first requested registration on April 27, 1978, which right was denied him through respondents' interpretation of Article V, Section 16(c), of the Pennsylvania Constitution.

signed to any other magisterial district or the Pittsburgh Magistrates Court or the Traffic Court of Philadelphia, and may there hear and determine any matter with like effect as if duly commissioned to sit in such other district or in such court.

(b) Senior district justices.—A senior district justice who shall not have been defeated for reelection or been suspended or removed from office may, with his consent, be assigned on temporary magisterial service pursuant to subsection (a).

The term ''senior district justice'' is defined in 42 Pa. C.S. §102: ''A former or retired district justice who retires or otherwise vacates office after January 1, 1976 and who, with his consent, is assigned on temporary magisterial service pursuant to section 4122 (b) (relating to assignment of senior district justices).'' Article V, Section 16, of the Commonwealth's Constitution provides:

(a) *Justices, judges and justices of the peace* shall be compensated by the Commonwealth as provided by law. Their compensation shall not be diminished during their terms of office, unless by law applying generally to all salaried officers of the Commonwealth.

(b) *Justices, judges and justices of the peace* shall be retired upon attaining the age of seventy years. *Former and retired justices, judges and justices of the peace* shall receive such compensation as shall be provided by law. No compensation shall be paid to any *justice, judge or justice of the peace* who is suspended or removed from office under section eighteen of this article or under article six.

(c) *A former or retired justice or judge* may, with his consent, be assigned by the Su-

preme Court on temporary judicial service as may be prescribed by rule of the Supreme Court.[5] (Emphasis added.)

Respondents argue that since subsections (a) and (b) of Section 16 refer to justices, judges and justices of the peace, and subsection (c) mentions justices and judges but "notably excludes" mention of justices of the peace, any statute purporting to authorize assignment of former or retired justices of the peace, now district justices, is "a fortiori unconstitutional."

An act of the General Assembly cannot be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. *Danson v. Casey,* 33 Pa. Commonwealth Ct. 614, 382 A.2d 1238 (1978). A party attacking the constitutionality of a statute must overcome the presumption of its constitutionality. *School District of Pittsburgh v. Department of Education,* 33 Pa. Commonwealth Ct. 535, 382 A.2d 772 (1978).

Moreover, unlike the Congress which can pass no laws but those which the Constitution of the United States authorizes either expressly or by clear implication, it is well-settled that the General Assembly "has jurisdiction *of all subjects* on which its legislation is not prohibited" by the Constitution of the Commonwealth. *Weister v. Hade,* 52 Pa. 474, 477 (1866) (emphasis in original). "The constitution allows the legislature every power which it does not positively prohibit." *Likins's Petition (No. 1),* 37 Pa. Superior Ct. 625, 629 (1908), *aff'd per curiam,* 223 Pa. 456, 72 A. 858 (1909).

---

[5] Section 3(d) of JARA, 42 P.S. §20003(d), provides, in part: "An express reference in any statute or other law to a justice of the peace or to the office of justice of the peace shall hereafter be deemed a reference to a district justice or to the office of district justice."

Neither our intensive examination of the Debates of the Pennsylvania Constitutional Convention of 1967-1968, nor our reading of the plain language of Article V, Section 16, leads us to conclude that the General Assembly is positively prohibited from legislating on the subject of assignment of senior district justices. That Section 16(c) permits the Supreme Court to assign former or retired justices or judges is clear. Equally clear, we believe, is that the silence of Section 16(c) regarding senior district justices does not constitute a positive prohibition upon the power of the legislature to enact laws providing for their assignment.

ORDER AND DECREE

Now, April 18, 1979, petitioner's request for injunctive relief is hereby denied. It is hereby decreed that that portion of Section 205 of the Magisterial District Reform Act which remains in effect and the provisions of 42 Pa. C.S. §4122 do not violate Pa. Const. art. V, §16, and are constitutional.