420 A.2d 615

Willard H. REILAND and Debra Reiland, his wife,

v.

WEST PENN POWER COMPANY, a corporation, Reimann and Georger, Inc., a Corporation, Commercial Services Company, a corporation, Slovenian Hall Association of Broughton, Pennsylvania and John J. Bahr, Alfred J. Bahr and Neil R. Bahr, Individually and Trading and Doing Business as Bahr Brothers,

v.

Daniel BANKS and Jerry Lee Milbee, Individually and as Partners, Trading and Doing Business as B&M Roofing Contractors, a Partnership.

Appeal of REIMANN AND GEORGER, INC.

Gerald WILLIAMS, Daniel Banks, and Linda Banks, his Wife,

v.

WEST PENN POWER COMPANY, a corporation, Reimann and Georger, Inc., a corporation, Commercial Services Company, a corporation, Slovenian Hall Association of Broughton, Pennsylvania, and John J. Bahr, Alfred J. Bahr and Neil R. Bahr, Individually and Trading and Doing Business as Bahr Brothers,

and

Jerry Lee Milbee, Individually and B&M Roofing Contractors, a Partnership, and Daniel Banks.

Appeal of REIMANN AND GEORGER, INC.

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed June 6, 1980.

John W. Jordan, IV, Pittsburgh, for appellant.

Alan N. Bloch, Pittsburgh, will not file a brief on behalf of Willard H. Reiland and Debra Reiland, appellee.

William K. Herrington, Pittsburgh, will not file a brief on behalf of West Penn Power and Reimann and Georger, Inc., appellees.

W. Arch Irvin, Jr., Pittsburgh, will not file a brief on behalf of Commercial Services, appellee.

John E. Hall, Pittsburgh, will not file a brief on behalf of Slovenian Hall Association, appellee.

Daniel B. Winters, Pittsburgh, will not file a brief on behalf of John J. Bahr, Alfred J. Bahr and Neil R. Bahr, appellees.

Richard S. Dorfzaun, Pittsburgh, for Daniel Banks and Jerry Lee Milbee, appellees.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

VAN der VOORT, Judge:

This is an appeal by the original defendants in a personal injury suit from a grant of summary judgment in favor of the additional defendants.

The plaintiffs in the action below sued the original defendants for their negligence which resulted in plaintiff's injuries. The defendant–appellant, manufacturer of the

defective ladder platform hoist found to have been the cause of the accident sought to join the man plaintiff's employer as an additional defendant.

On the motion for summary judgment the court below found that Section 303(b) of the Workmen's Compensation Act, Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b), prohibits third party claims against a plaintiff's employer, citing *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977).

Appellant advances two theories as to why this section of the Act is unconstitutional. We deferred disposition of this appeal until now as the Pennsylvania Supreme Court had before it the exact issues in an appeal entitled *Tsarnas v. Jones–Laughlin Steel Corporation*, 262 Pa.Super. 417, 396 A.2d 1241 (1978).

In an opinion by Justice Flaherty, Justice Larsen concurring, the Court upheld the constitutionality of Section 303(b) (Slip Opinion filed March 20, 1980).

Order affirmed.