449 A.2d 714

Ralph J. MILLER, Appellant,

v.

Henry F. HILD, Donald F. Smith, Melvin C. Williams, M.D.,
Robert G. Goldstrohm, M.D., David C. Hughes, M.D., William B.
Yeagley, M.D., Herbert L. Hanna, M.D., William G. Evans,
M.D., Ralph F. Waldo, M.D., Richard N. Freda, M.D., James A.
Garrettson, M.D., Ralph R. Brown, M.D., Mrs. Leona Shank,
Indiana Hospital, a Pennsylvania Corporation, Clara L. Mat-
tern, Esq.

Ralph J. MILLER, M.D., Appellant,

v.

M. C. WILLIAMS, M.D.

Superior Court of Pennsylvania.

Argued Nov. 10, 1981.

Filed Aug. 20, 1982.

Philip C. Ursu, Indiana, submitted a brief on behalf of appellant.

Lawrence F. Stengel, Lancaster, for Hild et al., appellees.

Before BECK, JOHNSON and POPOVICH, JJ.

BECK, Judge:

Appellant, plaintiff below, appeals from an order dismissing his case for want of prosecution. The Order appealed from is based on a local Indiana County procedural rule limiting the time within which civil cases must be certified ready for trial and on a similar rule of the Pennsylvania Supreme Court then in effect.

The matter had been commenced by praecipe for writ of summons in February 1978. At the time of dismissal in November, 1980, no complaint had been filed nor had any other steps been taken by way of discovery toward the

resolution of the matter.[1] The court's decision is properly based on Indiana Co. R.C.P. No. 3A.3 and within the court's discretion. We affirm.

Indiana Co. R.C.P. 3A.3 requires litigants to certify cases ready for trial no later than 240 days following commencement of the case. It also permits judges to extend the time "only upon finding good cause."

The record demonstrates that the court allowed appellant a full opportunity to plead good cause for exception from the rule. The court did not find good cause. We have no reason to disturb the trial judge's conclusion which was made well within his discretion.

The Order of dismissal was also founded on the Pennsylvania Supreme Court rule then in existence which was substantially the same as the Indiana County prompt trial rule. The Supreme Court rule was adopted Nov. 19, 1979 and set out at 9 Pa.Admin.Bull. 3936, and vacated March 6, 1981, by order set out at 11 Pa.Admin.Bull. 1015. The appellant asserts that vacation of the 1979 order made the Supreme Court rule void ab initio. However, appellant cites no authority in support of such a proposition.

The Indiana Court of Common Pleas may have initially adopted its prompt trial rule in conformity to the Supreme Court's parallel rule. In choosing to maintain the prompt trial rule after the Supreme Court vacated the statewide rule, Indiana County demonstrated legitimate local autonomy. Counties possess authority to make rules for the operation of their own court system as long as such rules are not contrary to those promulgated by the Pennsylvania Supreme Court. 42 Pa.C.S.A. 323; *Mikita v. Bailey Homes, Inc.*, 265 Pa.Super. 399, 401 A.2d 1367 (1979). A local rule will be invalid if it abridges, enlarges, or modifies

---

1. The record suggests that other legal strategies pertaining to the controversy, which concerned plaintiff physician's loss of hospital privileges, were being pursued simultaneously. Even if there were strategic reasons relating to these other actions for neglecting this libel lawsuit against certain hospital personnel and the hospital, those reasons do not excuse plaintiff's failure to follow the procedural rule in question.

the substantive rights of the litigants. *Mikita v. Bailey Homes, supra*, 401 A.2d at 1373 (Price, J., dissenting); *Com. ex rel. Swann v. Shovlin*, 423 Pa. 26, 223 A.2d 1 (1966).

■ Appellant raises the interesting point that this court has frequently declined to apply new or amended procedural rules to actions commenced prior to the adoption of the rule, *Trinity Area School District v. Dickson et al.*, 223 Pa.Super. 546, 302 A.2d 481 (allocatur refused) (1973); *Canter v. Canter*, 238 Pa.Super. 347, 357 A.2d 659 (allocatur refused) (1976). This court has not been entirely consistent in that regard. See opinion of Spaeth, J., concurring in part and dissenting in part in *Canter*, 238 Pa.Superior Ct. at 360 n.9, 357 A.2d at 666 n.9. We are satisfied, however, that the Indiana County's prompt trial rule satisfies any legitimate claim by a litigant as to its fair application to a pending case. The rule provides, as did the Supreme Court rule on which it was modelled:

> In all civil actions commenced on or before December 31, 1979, any and all documents required to signify that the case is ready for trial must be filed on or before August 31, 1980. In civil actions commenced on or after January 1980, such documents must be filed not more than 240 days after the action is commenced.

Indiana Co. R.C.P. No. 3A.3(a). Even cases such as the instant one, pending for nearly two years prior to the effective date of the rule, were accorded the full 240 days to certify readiness. Thus, the rule's application to previously filed cases did not modify any existing substantive rights.[2]

Finally, appellee urges that even in the absence of the procedural rules in question, the court would have been justified in dismissing for want of prosecution under the

---

**2.** In the cases appellant relies upon to support his view that an amended rule can never apply to a pending case, the amended procedural rule altered the burden of proof and therefore affected substantive rights. See, e.g., *Canter, supra*, 238 Pa.Superior Ct. at 357 A.2d at 663, note 2 (Spaeth, J.) regarding the 1973 amendment of rules for opening a confessed judgment which the Supreme Court rules committee explicitly stated was intended to change the quantum of proof a petitioner had to produce in such cases.

common law. In light of our decision as stated above, we need not reach this issue.

The order of the lower court is affirmed.