457 A.2d 565

**Walter E. SPIDLE**

**v.**

**LIVINGSTON CONSTRUCTION CO., INC.**

**v.**

**Dorothy DORBIAN and Joseph Dorbian t/d/b/a Carlisle Steel and Supply and Central Storage and Transfer Company of Harrisburg.**

Superior Court of Pennsylvania.

Argued March 22, 1982.

Filed March 11, 1983.

Petition for Allowance of Appeal Denied Oct. 11, 1983.

David C. Eaton, Harrisburg, for appellant.

William J. Peters, Harrisburg, for appellees.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Dauphin County sustaining the preliminary objections in the form of a demurrer by a party which was joined as an additional defendant to the original action.

The action in trespass arose out of an incident which occurred on January 6, 1978, on premises owned by Central Storage and Transfer Company of Harrisburg. At that time and place, plaintiff was employed by that company as a forklift operator. Livingston Construction Company was then in the process of constructing an addition to a building which was leased by Bayard Sales Corporation under contract with Central Storage.

At the time of the incident, Dorbian, doing business as Carlisle Steel and Supply, had just delivered steel beams to the building. Plaintiff, using his forklift, was attempting to

remove the steel beams from a Carlisle Steel truck. While he was doing so, a chain which was being used in the process became entangled in the forklift mechanism. In an attempt to free the chain, it was struck with a hammer. The chain was freed, but the steel crashed down and crushed plaintiff's hand.

The initial action was commenced against Livingston Construction alone. Subsequently, Livingston Construction joined as additional defendants Carlisle Steel and Central Storage. Central Storage filed preliminary objections raising an employer's immunity from suit by an employee. The court sustained the objections.

The first question raised on appeal is whether an employer can be joined as an additional defendant in order to determine the proportion of causal negligence attributable to it under the Comparative Negligence Act, *42 Pa.C.S.A. 7102.* Or, must an employer be excluded from joinder by virtue of the Act of December 5, 1974, P.L. 782, 77 P.S. 481, which amended Section 303 of the Pennsylvania Workmen's Compensation Act?

The employer and fellow employees "shall not be liable to third party for damages, contribution or indemnity in any action at law" unless such a remedy is provided for in a written contract entered into before the injury occurred. 77 *P.S. 481.*

The question of whether the amendment to Section 303 of the Workmen's Compensation Act bars the joinder of a plaintiff's employer as an additional defendant was addressed by the Superior Court in *Hefferin v. Stempkowski,* 247 Pa.Superior Ct. 366, 372 A.2d 869 (1977). We hold that the amendment to Section 303 clearly grants the employer immunity from suit and bars its joinder as an additional defendant. See also, *Berger v. U.G.I. Corp.,* 285 Pa.Superior Ct. 374, 427 A.2d 1161 (1981); *Heckendorn v. Consolidated Rail Corp.,* 293 Pa.Superior Ct. 474, 439 A.2d 674 (1981); *Reiland v. West Penn Power Co.,* 278 Pa.Superior Ct. 428, 420 A.2d 615 (1980).

The appellees cite a decision of the United States District Court of Eastern Pennsylvania alleging that that court held that an employer cannot be joined as an additional defendant despite the existence of comparative negligence in Pennsylvania. However, the real reason for the court's decision in *Tookmanian v. Safe Harbor Water Power Corp.*, 505 F.Supp. 920 (E.D.Pa.1981) was that the original defendant was seeking contribution or indemnification from the employer. Since the statute clearly states that joinder is not allowed for such purposes, the court had to rule as it did. Additionally, since the district court was sitting in diversity, it had to rule as it believed the Supreme Court of Pennsylvania would rule under the circumstances. Since two cases dealing with joinder of an employer had been decided by the Supreme Court subsequent to the adoption of comparative negligence by this state, the court concluded that previous rulings barring joinder for any purpose were controlling. Those two cases were *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 392 A.2d 1380 (1978) and *Tsarnas v. Jones and Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980). However, both of those cases involved situations in which joinder was sought for purposes of contribution or indemnity. The Comparative Negligence Act was not even called into question. Therefore, any incompatability between the Workmen's Compensation Act and the Comparative Negligence Act would not properly have been addressed in either case.

A potential problem which could arise if joinder of an employer was allowed for the purpose of determining the comparative negligence of all those alleged to be responsible was enunciated in *Lawless v. Central Engineering Co.*, 502 F.Supp. 308 (E.D.Pa.1980). It was recognized by the district court that "the joinder of the employer with no exposure to liability could very well result in an acquiescence by the joined employer in the allocation of liability proposed by other defendants. This could only result in a reduction of plaintiff's award of damages, possibly unrelated to the true proportion of liability."

■ The purpose of the Workmen's Compensation Act was to provide employees with compensation for injuries sustained in the scope of their employment without requiring them to put forth the time and expense involved in a civil suit. In return, employers were immunized from civil suits which, if won by the employee, might result in substantial losses to employers. Therefore, workmen's compensation is the only remedy available to employees against their employers. Furthermore, to permit the joinder of the employer for any purpose would place the economic burden on him to participate in the trial and could also lead to an inflated verdict because another responsible defendant would appear on the record, all of which would defeat the purpose of the Workmen's Compensation Act. Thus, we hold that in an action brought by an employee against a third party tortfeasor the employer may not be joined as an additional defendant or an involuntary plaintiff for the purpose of apportioning negligence under the Comparative Negligence Act. See *Kelly v. The Carborundum Company v. Willson Products, et al,* 307 Pa.Superior Ct. 361, 453 A.2d 624 (1982).

■ A second issue raised on appeal is whether the Act of December 5, 1974, P.L. 782, 77 P.S. 481, amending Section 303 of the Workmen's Compensation Act is unconstitutional for failure of the title of the Act to inform those to be affected of its contents contrary to the requirements of Article III, Section 3 of the Pennsylvania Constitution. However, *Pa.R.Civil Pro. 235(a)* provides that in an action that involves a constitutional challenge to a statute, where the Commonwealth is not a party, the Attorney General of the Commonwealth must be notified of the challenge. The record is silent as to whether this notice was given in this case. Failure to provide such notice results in the "abandonment" or "waiver" of the constitutional issue. *Irrera v. SEPT,* 231 Pa.Superior Ct. 508, 331 A.2d 705, 708 (1974).

The decision concerning constitutionality already decided by the Supreme Court dealt with other sections of the constitution and not the title section (*Tsarnas v. Jones and*

*Laughlin Steel Corp.,* supra). For the sake of judicial time we will discuss the title challenge.

One who challenges the constitutionality of a statute is faced with a difficult task since there is a presumption of constitutionality, and the burden is on the challenger to prove that the statute clearly and plainly violates the constitution. *Bensalem Township School District v. Bucks County Commissioners,* 8 Pa.Comm.Ct. 411, 303 A.2d 258, 262 (1973). The court must now decide whether appellant has met this burden.

The Pennsylvania Constitution provides in Article III, Section 3:

No bill shall be passed containing more than one subject, *which shall be clearly expressed in its title,* except a general appropriation bill or a bill codifying or compiling the law or a part thereof. (Emphasis—ours.)

The requirement regarding the degree of specificity of the title to a bill has been explained in various ways in cases dealing with that issue. The purpose of Article III, Section 3 was enunciated in *Bensalem Township School District v. Bucks County Commissioners,* supra, as being "to provide full notice and publicity to all proposed legislative enactments, and thus to prevent the passage of 'sneak' legislation." Therefore, while the title to an act need not be a complete index to its contents, it must contain language sufficient to inform those to be affected by the contents of the bill. *Harvey v. Ridley Township,* 350 Pa. 210, 38 A.2d 13, 14 (1944). The requirements of Article III, Section 3, were also explained in *In re: Gumpert's Estate,* 343 Pa. 405, 23 A.2d 479 (1942). In that opinion, the Court stated: "All the constitution requires is that the title should put persons of a reasonably inquiring state of mind on notice of the general subject matter of the Act." We interpret the above-mentioned case to mean that a reasonably inquisitive person who reads the title of an act should be able to ascertain from the title whether he will be affected by the legislation.

The title to the Act amending Section 303 of the Workmen's Compensation Act provides;

Amending the Act of June 2, 1915 (P.L. 736 No. 338), entitled as amended. "An Act defining the liability of an employer to pay damages for injuries received by an employee in the course of employment; establishing an elective schedule of compensation; providing procedure for the determination of liability and compensation thereunder; and prescribing penalties; further defining 'maximum weekly compensation payable' and the 'maximum compensation payable per week'; making the act compulsory and providing for actions at law for damages for certain noncompliance; providing for extra-territorial coverage; changing the waiting period and payments in connection therewith, computation and distribution of certain compensation and agricultural labor coverage; and incorporating certain existing coverages with changes as to compensation thereunder."

The first clause of the title which reads, "An Act defining the liability of an employer to pay damages for injuries received by an employee in the course of employment", provides sufficient notice to third parties that the liability of an employer for damages, contribution or indemnity has changed. The reasonably inquisitive person upon reading the title to an act, would become curious as to what exactly is the scope of the employer's liability. One must remember that the title need not be an index of all that is covered by the Act. We have consistently held that a title to an act is sufficient when it reasonably covers the subject matter of the Act. *Harr v. Boucher*, 142 Pa.Superior Ct. 114, 15 A.2d 699, 704 (1940).

 Since the title provides sufficient information, in that reasonably inquisitive people would be alerted that their rights are affected by the legislation the act is held to be constitutional. A statute is presumed to be constitutional and will not be declared otherwise unless it clearly, palpably and plainly violates the Constitution of the Commonwealth or the United States. *Singer v. Sheppard*, 33

Pa.Comm.Ct. 276, 381 A.2d 1007 (1978). The challenger has not met the burden of proving that the Act clearly violates Article III, Section 3, of the Pennsylvania Constitution.

Order affirmed.