503 A.2d 3

**COMMONWEALTH of Pennsylvania**

v.

**Fred SARGENT, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed Jan. 3, 1986.

Dennis H. Eisman, Philadelphia, for appellant.

Harriet R. Brumberg, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for robbery and criminal conspiracy. Appellant contends that (1) he is entitled to a new trial because the prosecutor injected her opinion into her closing argument to the jury, and (2) the Mandatory Minimum Sentencing Act, 42 Pa.C.S.A. § 9713, is unconstitutional for the following reasons: (a) § 9713(c), which dictates the burden of proof to be employed at sentencing, violates Article V, § 10(c) of the Pennsylvania Constitution, which gives the judiciary exclusive control over matters of practice and procedure in the courts; (b) the Act denies him due process because it does not require the Commonwealth to provide notice of its intention to invoke the Act prior to trial, but only after conviction; (c) the Act denies him due process because the prosecution need only prove by a preponderance of the evidence that the offense occurred in or near public transportation; and (d) the Act gives the prosecutor unbridled discretion to decide whether to invoke the Act. For the following reasons, we affirm the judgment of the court below.

On December 5, 1983, appellant was arrested and charged with criminal conspiracy and robbery in connection with the robbery of a taxicab driver. The Commonwealth filed a notice of intention to proceed under 42 Pa.C.S.A. §§ 9712 and 9713, two mandatory minimum sentencing provisions, sixteen days after appellant's arrest. Following a jury trial, appellant was found guilty of both charges and was

sentenced to a term of five-to-ten years imprisonment for robbery in accordance with 42 Pa.C.S.A. § 9713,[1] and a concurrent term of two-to-five years imprisonment for criminal conspiracy. This appeal followed.

 Appellant first contends that the following remark made by the prosecutor during her closing argument to the jury was prejudicial:

I am asking you not to let all the work and the performance of the duties of all of the people in this case go for naught. I ask you to do your duty and to return a just verdict in this case; and I believe that from all of the evidence that has been presented in this case, that the only just verdict is guilty on both Bills, Conspiracy and Robbery.

(N.T. May 4, 1984 at 352). Specifically, appellant argues that he was deprived of a fair trial because the prosecutor expressed her personal belief as to appellant's guilt. We disagree. A prosecutor must have "reasonable latitude" in arguing a case to the jury, and his or her remarks may contain deductions and inferences from the testimony presented. *Commonwealth v. Brown*, 332 Pa.Superior 35, 44, 480 A.2d 1171, 1176 (1984). "[The prosecutor] may always argue to the jury that the evidence establishes the defendant's guilt." *Id.* *See also Commonwealth v. Womack*, 307 Pa.Superior 396, 407, 453 A.2d 642, 647 (1982) (prosecutor permissibly argued that evidence proved de-

---

1. Section 9713 provides in relevant part:
 (a) Mandatory sentence.—Any person who is convicted in any court of this Commonwealth of [robbery as defined in 18 Pa.C.S. § 3701(a)(i), (ii) or (iii) (relating to robbery) ], or who is convicted of attempt to commit any of these crimes, shall be sentenced to a minimum sentence of at least five years of total confinement if the crime occurs in or near public transportation....
42 Pa.C.S.A. § 9713(a). Appellant also contends that 42 Pa.C.S.A. § 9712, which mandates a five-year minimum sentence when the accused visibly possessed a firearm during the commission of certain enumerated offenses, is unconstitutional. The lower court did not find § 9712 applicable to the instant case, however, because "a weapon was never actually seen by the complainant during the course of this crime." *See* Lower Court Opinion at 16. Therefore, we will not consider appellant's arguments with respect to § 9712.

fendant's guilt, not that the jury should find defendant guilty simply because the prosecutor believed he was). In the instant case, we find that the prosecutor permissibly argued that the evidence established appellant's guilt. In addition, even if the prosecutor's remark prejudiced the jury against appellant, that prejudice was cured by the lower court's jury instruction that "your determination of the facts and rendering of a verdict should not be based on your sense of anyone else's duty in this matter, but only on your own duty to render a fair and impartial verdict." (N.T. May 4, 1984 at 371–72).

■ Appellant also contends that the Mandatory Minimum Sentencing Act, 42 Pa.C.S.A. § 9713, is unconstitutional. His arguments that the Act violates due process because it requires only proof by a preponderance of the evidence and that it gives the prosecutor unfettered discretion were considered and rejected by our Supreme Court in *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), *cert. granted*, — U.S. —, 106 S.Ct. 58, 88 L.Ed.2d 47 (1985).[2] We find appellant's remaining arguments meritless.

First, appellant argues that the Act is unconstitutional because § 9713(c)[3] violates Article V, § 10(c) of the Pennsylvania Constitution and thus violates the doctrine of separation of powers. Article V, § 10(c) vests certain powers in the judiciary and provides in relevant part: "[t]he Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts ... if such rules ... neither abridge, enlarge nor modify the substantive rights of any litigant...." The provision fur-

---

**2.** In *Commonwealth v. Wright, supra,* the Court considered these arguments as they relate to 42 Pa.C.S.A. § 9712, but we believe that the reasoning of *Wright* is controlling here as well.

**3.** Section 9713(c) provides in relevant part:

(c) Proof at Sentencing.—....The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9713(c).

ther states that "[a]ll laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions." *Id.* Appellant contends that § 9713(c), which dictates the burden of proof to be applied at sentencing, is a statute that controls the practice and procedure in the courts and is, therefore, under Article V, § 10(c), a matter within the exclusive authority of the Supreme Court.

Because this is a constitutional challenge to the validity of a statute, appellant must overcome the strong presumption that it is constitutional. "A statute is presumed to be constitutional and will not be declared otherwise unless it clearly, palpably and plainly violates the Constitution of the Commonwealth or the United States." *Spidle v. Livingston Construction Co.,* 311 Pa.Superior 201, 208, 457 A.2d 565, 568 (1983). "One who challenges the constitutionality of a statute is faced with a difficult task since there is a presumption of constitutionality, and the burden is on the challenger to prove that the statute clearly and plainly violates the constitution." *Id.,* 311 Pa.Superior Ct. at 207, 457 A.2d at 567. Our Legislature, unlike Congress, has jurisdiction to legislate on all subjects about which it is not prohibited from legislating. *Ruano v. Barbieri,* 42 Pa. Commonwealth 67, 74, 400 A.2d 235, 239 (1979). "[A] power does not inhere to the legislature if it has specifically been withheld or entrusted to another co-equal branch of government." *Commonwealth v. Sutley,* 474 Pa. 256, 273, 378 A.2d 780, 788 (1977). Therefore, because Article V, § 10(c) grants to the Supreme Court the power to prescribe rules of practice and procedure, " 'the legislature ... is *without power to control procedure.'* " *In re 42 Pa.C.S. § 1703,* 482 Pa. 522, 529, 394 A.2d 444, 448 (1978), *quoting Garrett v. Bamford,* 582 F.2d 810, 814 (3d Cir.1978). Appellant must therefore prove that § 9713(c) is a rule governing practice, procedure, or court conduct, which does not modify a litigant's substantive rights.

■ A statute establishing a burden of proof is difficult to classify as either a procedural rule or a rule affecting substantive rights and seems to contain elements of each. *Cf. Commonwealth v. Sorrell,* 500 Pa. 355, 364, 456 A.2d

1326, 1331 (1982) (NIX, J., dissenting) (right to trial by jury neither purely procedural nor substantive but falls within gray area between substance and procedure). The thrust of appellant's argument is that because § 9713(c) establishes the burden of proof to be utilized at sentencing, it dictates to the courts how to conduct a sentencing hearing and it is thus a matter of practice or procedure. (Brief for Appellant at 20–21).[4] The burden of proof standard, however, may also be characterized as a sustantive rule of law affecting substantive rights. For instance, for purposes of determining whether state or federal law applies in diversity cases, there is a long line of cases referring to the burden of proof as substantive.[5] *See, e.g., Dick v. New York Life Insurance Co.,* 359 U.S. 437, 446, 79 S.Ct. 921, 927, 3 L.Ed.2d 935 (1959); *Coastal Plains Feeders, Inc. v. Hartford Fire Insurance Co.,* 545 F.2d 448, 450–51 n. 5 (5th Cir.1977); *Fireman's Fund Insurance Co. v. Videfreeze Corp.,* 540 F.2d 1171, 1174–75 (3d Cir.1976), *cert. denied,* 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977); *Boone v. Royal Indemnity Co.,* 460 F.2d 26, 29 (10th Cir.1972). *See generally,* 1A Pt. 2 *Moore's Federal Practice* ¶ 0.314[2] (2d ed. 1985) (burden of proof is substantive within the meaning of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) case). In addition, Pennsylvania courts have referred to the burden of proof as substantive or affecting substantive rights in several cases. *See Stratford v. Boland,* 306 Pa.Superior 475, 478 n. 1, 452 A.2d 824, 825 n. 1 (1982) (resort to common law procedure does not

4. Appellant also argues that § 9713(c) governs court procedure because it dictates that the court at sentencing shall consider the evidence presented at trial and any additional evidence that the parties present.

5. In this line of cases, the courts were referring to which party bears the initial burden of producing evidence. Appellant here appears to be challenging § 9713(c) because it sets forth the quantum of proof (a preponderance of the evidence) that the Commonwealth must present. While these are two different elements of the burden of proof, we see no reason to distinguish between them for purposes of determining the legislative authority to establish these standards. In any event, a standard determining which party bears the burden of proof is arguably closer to a rule of procedure than is a standard establishing the necessary quantum of proof.

change *substantive* burden of proof borne by a plaintiff); *Miller v. Hild,* 303 Pa.Superior 332, 335 n. 2, 449 A.2d 714, 716 n. 2 (1982) (amended procedural rule altered burden of proof and therefore affected substantive rights); *Ryan v. MacDonald,* 151 Pa.Superior 607, 609, 30 A.2d 662, 663 (1943) (burden of proof that shifted to the plaintiff is not governed by a procedural rule, but is a substantive rule of law).[6] Of course these cases are not conclusive in the determination whether § 9713(c) is a rule of substance or procedure for purposes of determining the bounds of a court's rulemaking authority and consequential limits of the legislature's power because, "[t]he line between 'substance' and 'procedure' shifts as the legal context changes," *Hanna v. Plummer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965). However, because appellant does not refer us to any authorities for his proposition that the burden of proof is procedural and there is persuasive authority characterizing the burden of proof as substantive, we find that appellant has not sustained his burden of affirmatively establishing that § 9713(c) is a statute governing procedure in the courts and hence beyond the authority of the Legislature to enact. Accordingly, we hold that § 9713 is not unconstitutional on this ground.

■ Finally, appellant argues that § 9713 unconstitutionally denies his right to due process of law because the Commonwealth is not required to provide notice of its intention to invoke the Act until after trial. However, because appellant received notice from the Commonwealth

---

**6.** Because the Legislature is presumed to have enacted statutes that are constitutional, *see Spidle v. Livingston Construction Co., supra,* the existence of numerous statutes dictating burdens of proof for various proceedings is further evidence that the Legislature did not act outside of its legislative authority in enacting § 9713(c). *See, e.g.,* 42 Pa.C.S.A. § 5349(b) (burden of proof on petitioner to show condition in custodial household harmful to child); *id.* § 6704(d) (burden of proof in paternity action is by preponderance of the evidence); *id.* § 8343 (burden of proof in defamation action); *id.* § 9711(c)(1)(iii) (at sentencing, following conviction for first degree murder, aggravating circumstances must be proved by Commonwealth beyond a reasonable doubt; mitigating circumstances must be proved by defendant by a preponderance of the evidence).

of its intention to invoke the Act prior to trial, *see* Notice of Mandatory Minimum Sentence Case (filed December 21, 1983), appellant does not have standing to raise this issue. *See Commonwealth v. Bonadio,* 490 Pa. 91, 94 n. 2, 415 A.2d 47, 49 n. 2 (1980) (one unharmed by feature of statute may not raise its unconstitutionality); *Commonwealth v. Dodge,* 287 Pa.Superior 148, 153, 429 A.2d 1143, 1146 (1981) (no standing to object to constitutionality of statute unless one is affected by particular feature alleged to be unconstitutional). *See also Commonwealth v. Anderson,* 345 Pa. Superior Ct. 407, 498 A.2d 887 (1985) (court will not reach constitutionality of notice provision in 42 Pa.C.S.A. § 9712 where defendant was notified before trial), *allocatur granted.* This claim is therefore without merit.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

SPAETH, President Judge, files a concurring statement.

SPAETH, President Judge, concurring:

I do not regard the prosecutor's argument as "permissibl[e]", maj. op. at 5, but I agree that its impropriety was cured by the trial court's instruction to the jury. Otherwise, I join in the majority's opinion.