J-S46042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| C.K. | : | |
| | : | |
| | : | No. 441 MDA 2017 |
| v. | : | |
| | : | |
| | : | |
| A.M.U. AND G.U. | : | |
| | : | |
| | : | |
| APPEAL OF: J.K. | : | |

Appeal from the Order December 5, 2016
in the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2013-CV-9678-CU

BEFORE: BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED SEPTEMBER 27, 2017**

Appellant, J.K. ("Father"), files this appeal from the order entered December 5, 2016, in the Dauphin County Court of Common Pleas, denying his motion to dismiss the petition of intervenors, A.M.U. and G.U. ("Grandparents"),[1] in the custody matter involving his children with C.K. ("Mother"), K.K., born in 2011, and J.K., born in 2012 (collectively, the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Notably, A.M.U. is maternal grandmother and G.U. is maternal step-grandfather.

"Children").  After review, we affirm the trial court's order, albeit on different grounds.

The trial court summarized the relevant procedural and factual history as follows:

> Plaintiff [F]ather and [D]efendant [M]other were married in December 2010 and separated in October 2013.  They are the parents of two children, one born in 2011 and the other in 2012. Father commenced a custody and divorce action under this docket in November 2013.  A divorce decree was later entered June 5, 2015.  An original custody order was issued in December 2013 and granted the parties shared legal custody, [F]ather primary physical custody and [M]other supervised visitation, later supervised by her mother, one of the intervenors herein. Following a hearing, the order was modified January 6, 2015, granting [F]ather sole legal custody and primary physical custody, and granting [M]other visitation of increasing terms if the visitations proved successful.  Father sought reconsideration of the order and[,] following a conference with the parents, [the trial court] issued an agreed order March 30, 2015[,] granting [F]ather sole legal and primary physical custody, and specifying that [M]other's supervised visitation was to take place at the Harrisburg YWCA.
>
> On July 28, 2016, [Grandparents] filed a Petition to Intervene in order to seek custody and/or visitation.[2]  They claimed two bases for standing under the Child Custody Act; that the parents had been separated for six months or more and that the parents were divorced.  23 Pa.C.S.A. § 5325(2).[3]  After

_____

[2] Grandparents additionally filed a petition to modify custody.  Grandparents alleged that, despite request, Father had not let them see Children since approximately June 4, 2016.

[3] 23 Pa.C.S.A. § 5325 provides as follows as to grandparent standing in custody matters:

§ 5325. Standing for partial physical custody and supervised physical custody

*(Footnote Continued Next Page)*

- 2 -

[F]ather answered the Petition, [the trial court] granted intervention by [Grandparents] since their right to standing under both parts of Section 5325(2) was clear from the face of the record.[4]  The parties agreed, following a September 15, 2016 conference, that [G]randparents could visit the children one Sunday in September and thereafter determine future visitation depending upon the success of that visit.  Both [M]other and [G]randparents later filed petitions in September

_(Footnote Continued)_ ——————————————

> In addition to situations set forth in section 5324 (relating to standing for any form of physical custody or legal custody), grandparents and great-grandparents may file an action under this chapter for partial physical custody or supervised physical custody in the following situations:
>
> (1)  where the parent of the child is deceased, a parent or grandparent of the deceased parent may file an action under this section;
>
> (2)  where the parents of the child[3] . . . have **commenced and continued a proceeding to dissolve their marriage**; or
>
> (3)  when the child has, for a period of at least 12 consecutive months, resided with the grandparent or great-grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, an action must be filed within six months after the removal of the child from the home.

(emphasis added).

[4] The trial court granted the petition to intervene by order dated August 24, 2016.  Order, 8/24/16.

seeking to prevent [F]ather from moving to Florida.[5] Mother also sought to modify the March 30, 2015 custody order. [The trial court] later issued an order permitting [F]ather to move to Florida and directing that [M]other's request to modify the custody terms be resolved through normal Dauphin County custody conciliation proceedings.[6], [7]

On the date of the conciliation conference, October 17, 2016, [F]ather filed his Motion to Dismiss Intervenor's Petition arguing that [G]randparents' bases for standing under Section 5325(2) were no longer valid under the **D.P.** decision.[8] Conciliation was postponed pending resolution of [F]ather's Motion to Dismiss. In their Answer, [G]randparents argue that

---

[5] Father, who had relocated to Cumberland County, Pennsylvania, was relocating to Florida as his new wife, T.Z. ("Stepmother"), had obtained financially beneficial employment in Florida. Motion for Reconsideration of September 27, 2016 Order of Court, 9/28/16, at ¶¶28-31.

[6] In addition, Grandparents were granted weekly Skype calls with the Children. Order, 9/27/16. Along with Grandparents' and Mother's petitions, Father also filed a petition for contempt/modification. Petition for Contempt/Modification of Partial Custody or Visitation Order Pursuant to 23 Pa.C.S. [§] 5310, 9/28/16.

[7] Father and Stepmother filed a petition for involuntary termination of Mother's parental rights and adoption on April 28, 2016 in Cumberland County, Pennsylvania. Mother's parental rights to Children were ultimately terminated on January 4, 2017 with her consent. Stepmother's adoption of Children was subsequently finalized on February 14, 2017. The termination of Mother's parental rights does not serve to bar Grandparents' standing. **Rigler v. Treen**, 660 A.2d 111 (Pa.Super. 1995).

[8] **D.P. v. G.J.P.**, 146 A.3d 204 (Pa. 2016) was decided on September 9, 2016. Notably, **D.P.** found unconstitutional the provision of Section 5325(2) that applied to parents who were separated for at least six months, but left intact that portion as to parents who had commenced and continued proceedings to dissolve their marriage.

> *D.P.* only found as unconstitutional one of the two grounds they claimed for standing and that the other is still valid.[9]

Trial Court Opinion, 12/5/16, at 1-2.

By order entered December 5, 2016, the trial court denied Father's motion to dismiss Grandparents' petition. The court additionally entered an opinion along with the December 5th order addressing the rationale for its decision.[10] Subsequent to Father's motion to certify interlocutory order for appeal, on January 5, 2017, the trial court entered an amended order, again denying Father's motion to dismiss, and finding that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion, such that an immediate appeal may materially advance the ultimate termination of the matter." Order, 1/5/17. Thereafter, on February 3, 2017, Father filed a timely Petition for Permission to Appeal with this Court docketed at 9 MDM 2017. Pursuant to order of March 13, 2017, Father's petition was granted.[11, 12]

_____

[9] By order dated November 9, 2016, as the parties "agreed" to maintain the *status quo* pending resolution of the motion to dismiss, Grandparents were awarded periods of partial physical custody as the parties agree and weekly Skype calls. Order, 11/9/16.

[10] The court did not enter another opinion subsequent to the granting of permission to appeal. The court instead relied on its prior opinion. Pa.R.A.P. 1925(a) Statement, 3/31/17.

[11] While Father references the January 5, 2017 order as the order on appeal, Father's Brief at 2, we note that the order granting Father's petition to appeal indicates that the matter is to "proceed before this court as an appeal from the order entered December 5, 2016." Per Curiam Order, 3/13/17. *(Footnote Continued Next Page)*

By order dated March 27, 2017, this Court required Father to file and serve a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925 by April 6, 2017. Father filed a statement of errors complained of on appeal on March 24, 2017.[13]

_(Footnote Continued)_ ——————————————

---

[12] We likewise recognize that our Supreme Court has deemed orders as to petitions to intervene in custody matters as collateral and, therefore, appealable. **_K.C. & V.C. v. L.A._**, 128 A.3d 774, 781 (Pa. 2015) (trial court's order denying intervention of former foster parents in custody matter due to lack of standing an appealable collateral order as of right pursuant to Pa.R.A.P. 313(b)). Moreover, the Court has noted the importance of the bifurcation afforded by seeking dismissal for lack of standing. Such bifurcation provides for resolution prior to the court reaching the merits. **_D.P._**, 146 A.3d at 213. As stated in **_D.P._**,

> Therefore, as illustrated presently, whenever there are contested issues related to standing, the chapter gives the parents the ability to bifurcate the proceedings by seeking dismissal for lack of standing, thereby _requiring that any such preliminary questions be resolved before the complaint's merits are reached_.

**_Id._** (emphasis added).

[13] Father's statement of errors complained of on appeal is noted on this Court's docket on March 30, 2017. Father suggests in his brief that no order was entered by the trial court directing that he file a statement of errors complained of on appeal. Father's Brief at 4. We, however, note that in children's fast track matters, such as this matter, a statement of errors complained of on appeal is required to be submitted with the notice of appeal. A trial judge is not required to issue an order for such a statement. Pa.R.A.P. 1925(a)(2)(i).

As Father ultimately filed a statement of errors complained of on appeal and there is no claim of prejudice, we do not penalize Father. **_See In re K.T.E.L._**, 983 A.2d 745 (Pa.Super. 2009) (failure to file a 1925(b) concurrently with a children's fast track appeal is considered a defective notice of appeal, to be disposed of on a case by case basis, and will not be
_(Footnote Continued Next Page)_

On appeal, Father raises the following issue for our review:

A. Whether 23 Pa.C.S.A. § 5325(2) is unconstitutional such that Grandparents do not have standing to sue for custody when the sole basis for suing for custody is that the mother and father of the child have not only separated, but also "commenced and continued a proceeding to dissolve their marriage[?]"[14]

Father's Brief at 4.

At the outset, Grandparents initially argue in their brief that Father's appeal should be dismissed because he failed to file a timely appeal of the initial August 24, 2016, order granting Grandparents' petition to intervene. Grandparents' Brief at 18-21. Father, however, argues that the August 24th order was not a final order that was appealable. Father's Reply Brief at 2. Father further contends that a motion to dismiss may be filed at any time and that there is no requirement that a challenge to standing be filed within 30 days after a change in circumstances. *Id.* at 4. Moreover, Father asserts he acted diligently with regard to his position as to Grandparents' standing. *Id.* at 5-6. We find Grandparents' argument lacks merit.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

dismissed since failure to file the statement is a violation of a procedural rule); *Cf. Mudge v. Mudge*, 6 A.3d 1031 (Pa.Super. 2011) and *J.M.R. v. J.M.*, 1 A.3d 902 (Pa.Super. 2010) (failure to file a Rule 1925(b) statement of errors complained of on appeal, when ordered by the Superior Court, will result in a waiver of all issues on appeal).

[14] We observe that, in his brief, Father stated his issues on appeal somewhat differently from his Rule 1925(b) Statement. We, nevertheless, decline to find that Father has failed to preserve his challenge on this basis.

The record reveals that, in the case *sub judice*, Father filed a timely appeal of the order disposing of the motion to dismiss Grandparents' petition to intervene. ***See*** Pa.R.A.P. 1311(b) ("An application for an amendment of an interlocutory order to set forth expressly the statement specified in 42 Pa. C.S.[A.] § 702(b) shall be filed with the lower court . . . within 30 days after the entry of such interlocutory order and permission to appeal may be sought within 30 days after the entry of the order as amended."). Moreover, we observe that Father acted diligently in that his motion to dismiss was filed just over a month after our Supreme Court's decision in ***D.P.*** and not yet three months after Grandparents' petition to intervene, to which he clearly objected. In addition, the court had yet to reach Grandparents' petition on the merits. Hence, Grandparents' argument fails.

We, thus, proceed to Father's challenge to the constitutionality of the second portion of Section 5325(2). Regarding the constitutionality of a statute, our Supreme Court has stated:

> As the constitutionality of statute presents a question of law, our review is plenary. A statute duly enacted by the General Assembly is presumed valid and will not be declared unconstitutional unless it "clearly, palpably and plainly violates the Constitution." The party seeking to overcome the presumption of validity bears a heavy burden of persuasion.

***Schmehl v. Weglin***, 927 A.2d 183, 186 (Pa. 2007) (citations omitted).

Prior to reaching the merits of Father's argument, however, we must first "determine whether [he] has properly preserved [it] for our review." ***See Commonwealth v. Richard***, 150 A.3d 504, 517 (Pa.Super. 2016).

With respect to a constitutional challenge to a statute, Pennsylvania Rule of Civil Procedure 235 provides:

> In any proceeding in a court subject to [the Pennsylvania Rules of Civil Procedure] in which an Act of Assembly is alleged to be unconstitutional . . . and the Commonwealth is not a party, the party raising the question of constitutionality . . . **shall** promptly give notice thereof by registered mail to the Attorney General of Pennsylvania together with a copy of the pleading or other portion of the record raising the issue and **shall** file proof of the giving of the notice.

Pa.R.C.P. 235 (emphasis added).

Decisional law of this Commonwealth, moreover, has recognized that "[f]ailure to provide such notice in a case where the Commonwealth is not a party results in waiver of the constitutional issues." ***Potts v. Step By Step, Inc.***, 26 A.3d 1115, 1122 (Pa.Super. 2011) (citing ***Adelphia Cablevision Assoc. of Radnor, L.P. v. University City Housing Co.***, 755 A.2d 703, 709 (Pa.Super. 2000); ***see also Kepple v. Fairman Drilling Co.***, 615 A.2d 1298, 1303 (Pa. 1992) (citations omitted); ***Matter of Adoption of Christopher P.***, 389 A.2d 94, 100 (Pa. 1978); ***Hill v. Divecchio***, 625 A.2d 642, 648 (Pa.Super. 1993) (citations omitted); ***Spidle v. Livingston Const. Co., Inc.***, 457 A.2d 565, 567 (Pa.Super. 1983); ***Irrera v. Southeastern Pennsylvania Transp. Authority***, 331 A.2d 705, 708 (Pa.Super. 1974) (citation omitted).[15]

---

[15] In ***D.P.***, our Supreme Court deemed it improper to address the constitutionality of the second half of Section 5325(2), relating to parents
*(Footnote Continued Next Page)*

Instantly, Father failed to notify the Attorney General of Pennsylvania of his challenge to the constitutionality of the remaining portion of Section 5325(2). Accordingly, we find that Father's claim is waived.

For the foregoing reasons, we affirm the order of the trial court, albeit on different grounds.

Order affirmed.

*(Footnote Continued)* ────────────────

who have commenced and continued a proceeding to dissolve their marriage, where, *inter alia*, the Attorney General had been deprived of the opportunity to defend that part of the statute:

> As concerns the second half of paragraph (2) in particular, invalidating it . . .would require reaching beyond the bounds of this dispute and declaring Section 5325 unconstitutional more broadly than is necessary to resolve the appeal. It would be premature—and thus improper—to make a wide-reaching constitutional declaration along these lines in the present context in which no challenge to the standing requirements relative to divorced parents has been raised or briefed. We thus differ with any suggestion that we are somehow "avoiding" this issue.
>
> . . .**As a result, and as already suggested, any such judgment should be left for a future controversy in which the issue is squarely presented, the Court has the benefit of focused adversarial briefing, and the Attorney General is apprised that the constitutional validity of the second half of Section 5325(2) has been called into question and is given an opportunity to defend it.** . . .

*Id.* at 217 (citations omitted) (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/27/2017